**BINKS MANUFACTURING COMPANY and John Francis Roche, Jr. Savings and Profit Sharing Fund of Binks Manufacturing Company, Plaintiffs,**

v.

**Nancy Helen CASALETTO–BURNS**

**and**

**Noreen Rehal, Nancy D'Alexander, and Thomas J. Burns, Jr., Defendants.**

**Noreen REHAL, Nancy D'Alexander, and Thomas J. Burns, Jr., Third-Party Plaintiffs,**

v.

**BINKS MANUFACTURING COMPANY and John Francis Roche, Jr. Savings and Profit Sharing Fund of Binks Manufacturing Company, Third-Party Defendants.**

No. 86 C 475.

United States District Court,
N.D. Illinois, E.D.

Aug. 29, 1986.

Christopher B. Nelson, Kovar, Nelson & Brittain, Chicago, Ill., for plaintiffs.

Louis B. Garippo, Jeremiah F. Bransfield, Chicago, Ill., for Casaletto-Burns.

John B. Kincaid, David J. Winthers, John Pleviak, Mirabella & Kincaid, Wheaton, Ill., for Rehal, D'Alexander and Burns.

## MEMORANDUM OPINION

HOLDERMAN, District Judge:

Mr. Thomas J. Burns, Sr. died on December 5, 1985. His death set in motion this dispute pitting his children against his wife in an unsavory contest for his legacy. In particular, this cause of action relates to Mr. Burns' interest in the John Francis Roche, Jr. Savings and Profit Sharing Fund of Binks Manufacturing Company (hereinafter "Fund"). Mr. Burns was a long time employee of the Binks Manufacturing Company and at the time of his death he had accumulated some $180,000 in this profit sharing fund.

Because Mr. Burns' wife and children contested entitlement to the profit sharing proceeds the Fund instituted this interpleader action. The Fund was dismissed out of the case by the February 19, 1986 order of this Court but was instructed to retain the proceeds pending the resolution of this matter. The Fund was brought back in to the action, however, by the Children's third-party complaint.[1] Before the Court are two motions for summary judgment. Nancy Helen Casaletto-Burns (the wife) is seeking summary judgment in her favor in the original interpleader action and the Fund is seeking summary judgment in its favor in the third-party action. For the following reasons, both motions for summary judgment are granted.

## DISCUSSION

The Fund was established in 1945 and has been amended and restated once in 1977 and most recently in 1985. The 1985 amendments are the center of this dispute. These amendments appeared to change the beneficiaries of the Fund from the children to the wife of Mr. Burns.

---

1. Mrs. Casaletto-Burns has also filed a third-party complaint against the Fund. That action is mooted by the Court's ruling herein.

A short chronology of the events in this case will put the matter in perspective. On February 7, 1984, Mr. Burns designated his three children as the beneficiaries of the proceeds from the Fund. One year later on February 10, 1985, Mr. Burns married defendant Nancy Helen Casaletto. On December 5, 1985, Mr. Burns passed away. He died leaving his children as the named beneficiaries of the proceeds from the Fund. In late January of 1986, the 1985 amendments to the Fund plan were adopted and applied retroactively to December 1, 1985, the beginning of the Fund's fiscal year.[2] The amendments, taking effect four days before Mr. Burns death, changed the beneficiary of the Fund from the children to the wife.

■ Before the 1985 amendments the Fund plan provided in relevant part:

> 6.3 *Beneficiaries.* If a Participant dies before or after the commencement of payments hereunder the amount payable or the undisbursed portion thereof shall be paid to his designated beneficiary or beneficiaries....

In this case the designated beneficiaries were Mr. Burns' three children. The 1985 amendments changed the beneficiary provision to read as follows:

> 6.3 *Beneficiaries.* If a Participant dies before or after the commencement of payments hereunder the amount payable or the undisbursed portion thereof shall be paid:
>
> (i) to his surviving spouse....

If this amendment applies to this case Mr. Burns' wife becomes the beneficiary of the Fund proceeds, thereby removing the children as the designated beneficiaries. The Court believes that this is the required result.

The 1985 amendments changing the beneficiaries of the Fund were made in response to the Retirement Equity Act of 1984, Pub.L. No. 98–397, 98 Stat. 1429 (1984). The Retirement Equity Act (REA) amended the ERISA statute and the Internal Revenue Code of 1954 to provide that qualifying benefit or individual account plans must provide that the surviving spouse is to receive the benefits under the plan following the death of the covered spouse unless such benefits are specifically waived by the surviving spouse. 29 U.S.C. § 1055; 26 U.S.C. § 401.[3]

The Retirement Equity Act provided that its provisions "shall apply to plan years beginning after December 31, 1984," thus the Fund's amendments effective December 1, 1985, the start of new plan year, were timely made in accordance with the law. Pub.L. 98–397 § 302(a), 98 Stat. 1451 (1984). *See* historical notes following 29 U.S.C. § 1001. In this particular case the Fund opted out of providing participants survivor annuities as required by the Retirement Equity Act by availing itself to the exception found in 29 U.S.C. § 1055(b)(1)(C) and 26 U.S.C. § 401(a)(11)(B). The exception provides that savings and profit sharing plans need not provide survivor annuities if:

> such [a] plan provides that the participant's nonforfeitable accrued benefits is payable in full, on the death of the participant, to the participants surviving spouse (or, if there is no surviving spouse or the surviving spouse consents in the manner required under subsection [§ 1055](c)(2)(A) of this section, to a designated beneficiary)....

29 U.S.C. § 1055(b)(1)(C)(i). *See also* 26 U.S.C. § 401(a)(11)(B)(iii)(I). The Fund has satisfied this provision by its amendment to section 6.3 of the plan.

The children argue that the retroactive effect of the amendments divests them of a

---

**2.** The record is unclear as to the exact date that the Fund adopted the retroactive amendments. At least three different dates—January 20, 27 and 30—appear in the record as the date the amendments were adopted. The exact date of the amendments adoption is not essential to the outcome of this case.

**3.** The Court must assume, absent any contrary indications, that Ms. Casaletto-Burns has not waived her rights to the proceeds. No affidavits were presented on this subject and the children have not alleged that she consented in a manner consistent with 29 U.S.C. § 1055(c)(2)(A) and 26 U.S.C. § 417(a)(2)(A) to the designation of the children as the beneficiaries of the Fund proceeds.

vested interest. Such a result (changing the beneficiary from the children to the wife), however, is not inconsistent with the Congressional intent in enacting the Retirement Equity Act. Under the transitional rules of the Retirement Equity Act, section 303(c), Congress specifically provided that:

> [i]n the case of any participant ... who dies on or after the date of the enactment of this Act [August 23, 1984] and before the first day of the first plan year to which the amendments made by this act apply, the amendments made by sections 103 [amending section 1055 of Title 29] and 203 [amending section 401(a)(11) of Title 26 and enacting section 417 of Title 26] *shall be treated in effect as of the time of such participant's death.*

(emphasis added). This transitional rule would have equal application to the plan in this case. Congress did not distinguish in its transitional rule between plans that offer survivor annuities from plans that avoid issuing survivor annuities by taking advantage of another part of Retirement Equity Act's amendments to section 1055 which allowed plans to instead make nonforfeitable accrued benefits payable in full to the surviving spouse upon the death of the plan participant. Under both schemes Congress' clear intent was to provide for the surviving spouse of a deceased plan participant. *Compare* 29 U.S.C. § 1055(a) and § 1055(b)(1)(C). Thus, the result in this case was not unanticipated by Congress in that they expected designated beneficiaries to give way to the surviving spouse in pre-retirement annuity cases even before plan amendments were adopted to comply with the Retirement Equity Act. The law is that a surviving spouse is entitled to the proceeds of a benefit plan or an individual account (contribution) plan unless she or he consents to another named beneficiary. The fact that the Fund eventually used one avenue of compliance with the Retirement Equity Act

over another should not change the outcome for the surviving spouse.

In any event, the fact remains that the Fund was compelled to amend its plan as it did by the beginning of the plan year—December 1, 1985. If the plan had not done so its favored tax status would have been lost. Therefore, the December 1, 1985 amendment to the Fund's plan changing the beneficiary section (section 6.3) to provide the proceeds of the plan to the surviving spouse in the event of the death of a plan participant must be given effect. Accordingly, Ms. Casaletto-Burns' motion for summary judgment in her favor is granted and the plan proceeds less any outstanding loan balances shall be paid to her at the close of the plan year ending November 30, 1986.

■ The children have filed a third-party complaint against the plan alleging that the plan breached its fiduciary duty to the children by divesting them of their interest in the plan proceeds. As discussed above, the REA required the Fund, by law, to make such amendments. The Children's argument that the Fund somehow breached a fiduciary duty owing to the children by complying with the law is nonsensical.[4] *See e.g. Sutton v. Weirton Steel Division,* 567 F.Supp. 1184, 1201 (N.D.W.Va.1983), *aff'd* 724 F.2d 406 (4th Cir.1983), *cert. denied,* 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984). The Children's grievance is with the United States Congress and not with the Fund.

Moreover, the plan provisions themselves anticipated such amendments and provided in section 7.1 in pertinent part that:

> amendments may be made if such action is necessary to meet the requirements of the Commissioner of Internal Revenue or any other governmental authority under applicable law.

Therefore, the children do not have a claim, as a matter of law, against the Fund. Accordingly, the Fund's motion for summa-

---

**4.** The Children's argument in their memoranda that the Fund should have inserted the one year marriage provision provided for in 29 U.S.C. § 1055(f) and 26 U.S.C. § 417(d) is baseless. These provisions are optional and more impor-

tantly do not apply to plans that opt out of the annuity requirements by paying nonforfeitable accrued benefits in full, pursuant to 29 U.S.C. § 1055(b)(1)(C).

ry judgment in its favor as to the Childrens' third-party complaint is granted.

## CONCLUSION

For the foregoing reasons, Mrs. Casaletto-Burns' motion for summary judgment in the original interpleader action is GRANTED. The Fund's motion for summary judgment in the third-party action instituted by the children is also GRANTED. Because this matter is now resolved and the cause dismissed in its entirety, the pending motion of Ms. Casaletto-Burns to file an amended answer is rendered moot. Each party to bear their own costs.