**Denise DONOHUE, Individually and as Guardian of James A. Donohue, Michele Bunn and Stephen Mironchik**

v.

**SHELL PROVIDENT FUND, Shell Employee Stock Ownership Plan, Shell Pay Deferral Investment Fund and Dolores Mironchik.**

**C.A. No. H–86–2438.**

United States District Court, S.D. Texas, Houston Division.

March 12, 1987.

906

Yona Rozen, Hicks, Gillespie, James & Lesser, P.C., Dallas, Tex., for plaintiffs.

Judith E. Cohn, Houston, Tex., for defendant Dolores Mironchik.

L. Chris Butler, Houston, Tex., for remaining defendants.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

■ Pending before the Court is Defendant Dolores Mironchik's Motion for Summary Judgment and Motion for Attorney's Fees and Costs. Defendants Shell Provident Fund, Shell Employee Stock Ownership Plan and Shell Pay Deferral Investment Fund have joined in Defendant Mironchik's Motion for Summary Judgment. After considering the arguments of counsel, the Court announced at a conference that summary judgment in favor of Defendant Mironchik was appropriate. The Court, however, declines to award Mironchik's counsel attorney fees under the Employee Retirement Income Security Act, 29 U.S.C. § 1001.[1]

---

1. The Court has considered Defendant Mironchik's request for attorney's fees. In light of the few published opinions interpreting REACT, an award of attorney's fees is unwarranted under these circumstances. *See Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255 (5th Cir.1980),

*Findings of Fact*

1. Dolores Mironchik was the wife of Edward Mironchik at the time of his death on February 1, 1986.

2. Plaintiffs are the children and grandchildren of Edward Mironchik.

3. At the time of his death, Edward Mironchik was an employee of Shell Oil Company, working at the Westhollow Research Center of the Shell Development Company.

4. Shell Development Company is a division of Shell Oil Company, which is a participating company in the Shell Provident Fund, the Shell Employee Stock Ownership Plan, and the Shell Pay Deferral Investment Fund.

5. Edward Mironchik was at the time of his death a participant in the Shell Provident Fund, the Shell Employee Stock Ownership Plan, and the Shell Pay Deferral Investment Fund (the "Plans").

6. The designated amounts in Edward Mironchik's Shell benefit Plans at the time of his death were approximately:

| | |
|---|---|
| Shell Provident Fund: | $300,664.68 |
| Shell Employee Stock Ownership Plan: | $ 35,427.00 |
| Shell Pay Deferral Investment Fund: | $ 6,770.54. |

7. Edward Mironchik designated, by execution of beneficiary designation forms on the dates indicated below the following distribution of his employee benefit plan accounts:

SHELL PROVIDENT FUND
December 14, 1979

| | |
|---|---|
| Dolores K. Mironchik | 15% |
| Michele K. Mironchik Bunn | 25% |
| James A. Donohue, Jr. | 10% |
| Denise D. Donohue | 25% |
| Steven E. Mironchik | 25% |

SHELL STOCK OWNERSHIP PLAN
August 8, 1984

| | |
|---|---|
| Dolores K. Mironchik | 25% |
| Michele K. Mironchik Bunn | 25% |
| Denise D. Donohue | 25% |
| Steven E. Mironchik | 25% |

SHELL PAY DEFERRAL INVESTMENT FUND
July 2, 1984

| | |
|---|---|
| Dolores K. Mironchik | 75% |
| James A. Donohue, Jr. | 25% |

8. None of the above-indicated designation forms contained a spousal consent executed by Dolores Mironchik.

9. On August 24, 1984, the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1001, *et seq.*, was amended by enactment of the Retirement Equity Act of 1984 (hereinafter referred to as "REACT"), effective for all applicable employee benefit plan years commencing January 1, 1985.

10. REACT requires that each pension plan provide a joint and survivor annuity to the surviving spouse of the participant unless the plan provides that the participant's nonforfeitable accrued benefits are payable in full, on the death of the participant, to the participant's surviving spouse. REACT further provides that these provisions do not apply if there is no surviving spouse or if the surviving spouse signed a waiver, acknowledged by the plan administrator or a duly appointed notary, indicating her intention to waive her beneficiary rights.

11. The Shell Provident Fund, the Shell Employee Stock Ownership Plan, and the Shell Pay Deferral Investment Fund are employee pension benefit plans under the provisions of ERISA, 29 U.S.C. § 1002(2)(A).

12. The Shell Provident Fund, the Shell Employee Stock Ownership Plan and the Shell Pay Deferral Investment Fund were all amended, effective August 25, 1984 for plan years commencing January 1, 1985, to provide the following:

Should any member die with a surviving spouse prior to distribution of his Account, such shall be distributed to such spouse unless the member has a designation of beneficiary in effect as to which such spouse has properly executed a spousal consent evidencing the spouses agreement that the Account may be dis-

recognizing that an award of attorney's fees and costs is within the Court's discretion pursuant to

section 502(g) of ERISA, 29 U.S.C. § 1132(g).

**908**

tributed in accordance with the designation.

13. On February 1, 1985, R.D. Gerard, General Manager of the Westhollow Research Center, sent a memorandum to all employees of the Shell Development Company, Westhollow Research Center, notifying them of the new beneficiary designation rules for the Shell benefit plans. The memorandum was prepared and distributed to all employees at Shell Development Company at the Westhollow Research Center, notifying them of the new beneficiary designation rules for the Shell benefit plans, under the authority of W.K. Jerram, Employee Relations Manager for Shell's Westhollow Research Center.

14. Dolores Mironchik discovered the memorandum described above among Edward Mironchik's personal effects in his home after his death.

15. Dolores Mironchik did not sign a waiver of her rights to her husband's nonforfeitable accrued benefits in the Plans.

### Conclusions of Law

1. The Court has jurisdiction of this action under 29 U.S.C. § 1132(a) and 28 U.S.C. § 2201.

■ 2. The Retirement Equity Act of 1984 (REACT) amending the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, requires that a qualified joint and survivor annuity shall be provided to the surviving spouse of a participant of an employee pension benefit plan under the provisions of ERISA, unless the plan provides that the participant's nonforfeitable accrued benefits are payable in full, on the death of participant, to the participant's surviving spouse, and unless the surviving spouse has waived her rights to benefit plan proceeds under REACT, in writing, witnessed by a plan representative or a notary public.

■ 3. The beneficiary provisions of REACT, which amended ERISA, effective August 23, 1984, supersede prior ERISA beneficiary provisions pertaining to the rights of surviving spouses to employee benefit plan proceeds.

■ 4. The provisions of the Shell Provident Fund, the Shell Employment Stock Ownership Plan, and the Shell Pay Deferral Investment Fund, amended to conform to REACT, effective August 23, 1984, which mandate distribution of all of the participant's plan accounts to the surviving spouse in the event of death of the participant, where there is no properly executed spousal waiver of such benefits, supersede prior beneficiary designations on file whereby the participant provided for distribution of benefits to persons other than his or her surviving spouse.

5. Pursuant to REACT, Dolores Mironchik is entitled to all of Edward Mironchik's nonforfeitable accrued benefits in the Shell Provident Fund, the Shell Employee Stock Ownership Plan, and the Shell Pay Deferral Investment Fund.

■ 6. Plaintiffs urge the Court that the Defendant Shell Funds breached a fiduciary duty to the participant by failing to notify participant Edward Mironchik of the 1984 ERISA amendments requiring spousal consent to any designation as beneficiary other than spouse. The Court concludes, however, that under REACT, Plaintiffs' allegations of a breach of fiduciary duty are not determinative of the ultimate disposition of the funds. Even assuming a fiduciary obligation exists on behalf of the Shell Plans to provide ERISA beneficiaries with notice of changes in the pension laws, under REACT, R.D. Gerard's actions in sending a memorandum to all employees of the Shell Development Company, Westhollow Research Center, notifying them of the new beneficiary designation rules for the Shell benefit plans, substantially comport with the general notice requirements of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1022 *et seq.*

At the time a conference was conducted in this matter, only two published opinions interpreted REACT. Both cases support defendant's position that the funds should properly be distributed to the surviving spouse. *In Naddeo v. Officers and Employers Pension Plan of Laundry, Dry Cleaning & Dye Workers' International*

*Union,* 637 F.Supp. 82 (E.D.Pa.1986), the surviving spouse of an ERISA beneficiary filed a motion for summary judgment to obtain plan proceeds, which amounted to $190,000.00. The deceased's child from a former marriage intervened claiming entitlement to the proceeds as the designated beneficiary prior to the enactment of REACT. The court specifically noted that the decedent was never informed about the new rules governing qualified pre-retirement survivor annuities under REACT and took no action to obtain a spousal waiver. The surviving spouse, however, received 50% of the benefits pursuant to the transitional rules in effect at the time of her husband's death. The court further noted that if the decedent had died a few days later during 1985, the spouse would have had a stronger claim to the entire sum because the 1985 plan defined the qualified pre-retirement survival annuity as 100% of the participant's account. 637 F.Supp. at 85.

In the second published opinion, *Binks Manufacturing Company, et al. v. Nancy Helen Casaletto-Burns, et al.,* No. 86C477, slip op. (N.D.Ill., Aug. 29, 1986), the United States District Court for the Northern District of Illinois addressed an issue that has particular relevance to this case. In *Binks,* the children of an ERISA participant filed a complaint alleging that the plan breached its fiduciary duty by divesting them of their interest in the plan proceeds. The court labelled the breach of fiduciary duty argument "nonsensical," noting that the children's grievance was with the United States Congress and not with the Fund. The court concluded:

> Thus, the result in this case was not unanticipated by Congress in that they expected designated beneficiaries to give way to the surviving spouse in pre-retirement annuity cases even before plan amendments were adopted to comply with the Retirement Equity Act. *The law is that a surviving spouse is entitled to the proceeds of a benefit plan or an individual account (contribution) plan unless she or he consents to an-*

*other named beneficiary.* [Emphasis added].

Slip op. at 4.

Because Congress clearly intended by enacting REACT to protect the interests of surviving spouses, Dolores Mironchik is entitled to the proceeds of the Shell Funds as a matter of law.

Accordingly, Defendant Mironchik's Motion for Summary Judgment is granted.