OPINION OF THE COURT
John M. Thomas, S.
Before this court is a petition for discovery pursuant to SCPA 2103 brought on by Dorothy S. Wilson, executrix of the estate of Leonard R. Wilson, against Lee Ford, the sister of the decedent.
Leonard Wilson died on July 28, 1985, leaving a last will and testament admitted to probate by this court on September 9, 1985. After the devise of a parcel of real property to the decedent’s stepdaughter, the entire residuary estate passed to his wife, Dorothy Wilson, the petitioner herein.
All issues in this proceeding have been resolved and stipulated to by counsel, with the exception of the proceeds of a retirement plan, which named the decedent’s sister, Lee Ford, as beneficiary thereof. Since the issue is one of law rather than of fact, a hearing has been waived by both counsel and this decision is based upon their respective submissions.
*433 Mr. Wilson, until the date of his death, was employed by the Binghamton Slag Roofing Company and participated in its retirement plan known as the Corporate Profit Sharing Plan and Trust Agreement for Cobblestone Enterprises, Inc. At the time of his death, he had a vested, nonforfeitable benefit of $8,643.38 under the plan. The plan is a defined contribution plan which provides for payment of a benefit to a beneficiary upon the death of a participant who dies before retirement.
There would be no dispute in this matter and the named beneficiary would receive the total proceeds except for the fact that Congress, in August 1984, amended the Employees’ Retirement Income Security Act (ERISA) to require a "qualified preretirement survivor annuity” (QPSA) be paid to the surviving spouse when .a participant dies while in service of the corporation sponsoring the plan (29 USC § 1055 [e]; 26 USC § 401 [a] [11] [B]). As an alternative, if the plan is not a "defined plan”, the act permits the corporation to opt out of the survivor annuity by having its plan provide that the entire vested proceeds pass to the surviving spouse. (Compare, 29 USC § 1055 [a], and [b] [1] [C].)
In the case before the court, Mr. Wilson died in service after the effective date of the act, December 31, 1984, but before the plan in question was amended to conform to the act. In anticipation of such circumstances, Congress enacted a transition rule (Pub L 98-397, § 303 [c] [2]), which mandates the QPSA amendments "shall be treated as in effect as of the time of such participant’s death”, irrespective of the fact that the employer had not yet amended the plan pursuant to statute.
The respondents, without citing any authority, argue that the ERISA amendments disqualify the Cobblestone plan but do not have the effect of changing the beneficiary designated by the deceased. This court does not agree and finds such position to be without merit.
The petitioner, citing Binks Mfg. Co. v Casaletto-Burns (657 F Supp 668 [ND Ill 1986]), contends that in view of the amendment to ERISA and the transition regulation, Mrs. Wilson, the surviving spouse, is entitled to the entire proceeds. The Binks case (supra) pitted children of the deceased against the second wife. The decedent, Mr. Burns, died on December 5, 1985. The fund plan was amended to conform to the statute in late January 1986, but applied retroactively to December 1, 1985, four days before Burns died. This amendment to the plan provided that the entire proceeds were to be payable to *434 the surviving spouse. The court, in awarding the entire proceeds to the widow, relied on the provisions of the plan, since the amendment, although enacted after Burns’ death, was retroactive to four days before his death. Thus, the Binks case (supra) did not turn completely on the transitional rule.
For a different interpretation, see, Naddeo v Officers & Employees Pension Plan of Laundry, Dry Cleaning & Dye Workers’ Intl. Union (637 F Supp 82), decided by the Eastern District Court of Pennsylvania in May 1986. In that case, the effective date of the amendment to the plan was not until after the decedent, Naddeo, had died. Although the plan’s amendment, as did the Binks plan, provided that the entire proceeds of the employee’s benefit be paid to the surviving spouse, the court paid only 50% of the employee benefit to the surviving spouse and permitted the remaining 50% to pass to the named beneficiary designated by the deceased. Here it is important to point out a distinction under the statute. If the plan is a "defined benefit plan” then in the case of a vested participant who dies before the annuity starting date a qualified preretirement survivor annuity shall be paid to any surviving spouse (29 USC § 1055 [a] [2]). A qualified preretirement survivor annuity is defined under 29 USC § 1055 (e) as a survivor annuity for the life of the surviving spouse of the participant, if the payments to the surviving spouse under such annuity are not less than the amounts that would be payable as a survivor annuity under the qualified joint and survivor annuity under the plan. If, however, the plan is not a "defined benefit plan”, but rather an "individual account plan” then paragraph (2) of 29 USC § 1055 (e) defines the qualified preretirement annuity as an annuity for the life of the surviving spouse, "the actuarial equivalent which is not less than 50 percent of the portion of the account balance of the participant (as of the date of death)”. In the Naddeo case (supra), it is not clear whether the corporate plan was an "individual account plan” and therefore, the 50% provision under the statute was properly applied or whether the court in rendering its decision failed to make the distinction between the two separate provisions of the act.
Turning to the case at bar, the plan in which Mr. Wilson participated was a defined benefit plan which was amended to conform to ERISA effective June 1986, nearly a year after Leonard Wilson died. The provision adopted was that the surviving spouse would receive a "pre-retirement survivor annuity”. Although there appears to be no New York author *435 ity on the question presented, this court can only conclude that since the Cobblestone plan was a "defined benefit plan” that under the transition rule of 29 USC § 1055, Dorothy S. Wilson, as surviving spouse of Leonard Wilson, is entitled to the entire proceeds of $8,643.38.