OPINION OF THE COURT
Jack J. Cannavo, J.
Motion by plaintiff is granted to the extent that a judgment is ordered entered against the defendant, Dolores P. Conners, in favor of the plaintiff, United Parcel Service, Inc., which bars the claim of Dolores Conners to the moneys due the beneficiary of Elliott Riley, Barbara A. Riley.
Elliott Riley was employed by United Parcel Service and his beneficiary is entitled to certain benefits from a thrift plan. Originally on January 25, 1985, Elliott Riley designated the defendant, Barbara A. Riley, as his beneficiary in the event of his death. Thereafter, on July 10, 1986, Elliott Riley changed his beneficiary to his sister, Dolores P. Conners. Both Dolores Conners and Barbara Riley claim the benefits due under the thrift plan. However, the change of beneficiary was not accomplished pursuant to the requirements of the Retirement Equity Act of 1984 which requires spousal consent to change beneficiaries.
*79 The Employee Retirement Income Security Act (29 USC § 1001 et seq.) or ERISA was first enacted in 1974. It has been amended and modified over the years since its first enactment. In 1984, 29 USC § 1055 was amended to provide additional security to spouses of employees covered by pension plans regulated by ERISA. Section 1055 now provides that the accrued benefit payable to a participant of a pension plan shall be provided with a qualified joint and survivor annuity. A qualified preretirement survivor annuity shall be provided to the surviving spouse of the participant. While the participant in the plan may elect to change a beneficiary, such change may not be accomplished "without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse)”. (29 USC § 1055 [c] [2] [A] [ii].) Additionally, the consent must expressly acknowledge the effect of the election and be witnessed by a plan representative or a notary public in order to be effective.
Although Elliott Riley attempted to change his beneficiary from his wife to his sister on June 25, 1986, he failed to comply with the ERISA requirements that the consent of the spouse be obtained before a change (Donohue v Shell Provident Fund, 656 F Supp 905).
This court makes no finding on whether the estate of Elliott Riley has a cause of action against United Parcel Service in this matter.
The United States District Court in Donohue v Shell Provident Fund (supra) held, in a similar factual situation, that the pension funds should be distributed to the spouse. The Donohue court quoted Binks Mfg. Co. v Casaletto-Burns (657 F Supp 668, 671 [ND Ill Aug. 29, 1986]): " 'Thus, the result in this case was not unanticipated by Congress in that they expected designated beneficiaries to give way to the surviving spouse in pre-retirement annuity cases even before plan amendments were adopted to comply with the Retirement Equity Act. The law is that a surviving spouse is entitled to the proceeds of a benefit plan or an individual account (contribution) plan unless she or he consents to another named beneficiary. ’ ” (Supra, 656 F Supp, at 909; emphasis added.)
The cross motion of the defendant, Dolores P. Conners, is denied.
The State courts have concurrent jurisdiction with the Federal courts in this matter (29 USC § 1132 [e]).