UNITED PARCEL SERVICE, INC., Plaintiff, v BARBARA A. RILEY et al., Defendants.

Supreme Court, Suffolk County, January 4, 1989

**APPEARANCES OF COUNSEL**

*Clare Connaughton* for Barbara A. Riley, defendant. *Kenneth Adler & Associates* for plaintiff. *Krohn, Rosenblum & Scharoff* for Dolores P. Conners, defendant.

**OPINION OF THE COURT**

JACK J. CANNAVO, J.

Motion by the defendant, Dolores P. Conners, for an order clarifying an order of this court dated August 14, 1988 is denied. The opinion of this court is clear and unambiguous.

The prior order of this court granted the motion of the plaintiff, United Parcel Service, Inc., to the extent that judgment was "ordered entered against the defendant, Dolores P. Conners, in favor of the plaintiff, United Parcel Service, Inc., which bars the claim of Dolores Conners to the moneys due the beneficiary of Elliott Riley, Barbara A. Riley." *(United Parcel Serv. v Riley,* 141 Misc 2d 78.)

The court clearly ruled that under the Employment Retirement Income Security Act (ERISA) any change of beneficiary from the decedent's wife to his sister without the consent of his wife was ineffective.

The court in its opinion stated:

"The Employment Retirement Income Security Act (29 USC

§ 1001 *et seq.)* or ERISA was first enacted in 1974. It has been amended and modified over the years since its first enactment. In 1984, 29 USC § 1055 was amended to provide additional security to spouses of employees covered by pension plans regulated by ERISA. Section 1055 now provides that the accrued benefit payable to a participant of a pension plan shall be provided with a qualified joint and survivor annuity. A qualified preretirement survivor annuity shall be provided to the surviving spouse of the participant. While the participant in the plan may elect to change a beneficiary, such change may not be accomplished 'without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse)'. (29 USC § 1055 [c] [2] [A] [ii].) Additionally, the consent must expressly acknowledge the effect of the election and be witnessed by a plan representative or a notary public in order to be effective.

"Although Elliott Riley attempted to change his beneficiary from his wife to his sister on June 25, 1986, he failed to comply with the ERISA requirements that the consent of the spouse be obtained before a change *(Donohue v Shell Provident Fund,* 656 F Supp 905)." *(United Parcel Serv. v Riley,* 141 Misc 2d 78, 79, *supra.)*

This court also noted: "the United States District Court in *Donohue v Shell Provident Fund (supra)* held, in a similar factual situation, that the pension funds should be distributed to the spouse. The *Donohue* court quoted *Binks Mfg. Co. v Casaletto-Burns* (657 F Supp 668, 671 [ND Ill, Aug. 29, 1986]): ' "Thus, the result in this case was not unanticipated by Congress in that they expected designated beneficiaries to give way to the surviving spouse in pre-retirement annuity cases even before plan amendments were adopted to comply with the Retirement Equity Act. *The law is that a surviving spouse is entitled to the proceeds of a benefit plan or an individual account (contribution) plan unless she or he consents to another named beneficiary."* ' *(Supra,* 656 F Supp, at 909; emphasis added.)" *(United Parcel Serv. v Riley,* 141 Misc 2d 78, 79, *supra.)*

This court need not ascertain the exact amount of money in the thrift plan payable to Barbara Riley since United Parcel Service has agreed to pay over all moneys in the plan to the beneficiary of Elliot Riley. The court has determined that Barbara Riley is the legal beneficiary.