**FEDERAL EXPRESS CORPORATION,**
Plaintiff,

v.

**Maurice A. WALKER and Francis L. Walker, Defendants.**

No. 03–2046 B.

United States District Court,
W.D. Tennessee,
Western Division.

April 22, 2004.

J. Michael Oehmler, Fedex Corporation, Legal Department, Memphis, TN, for Plaintiff.

Francis L. Walker, Memphis, TN, Pro se.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

BREEN, District Judge.

*INTRODUCTION AND BACKGROUND*

On January 22, 2003, the plaintiff, Federal Express Corporation ("FedEx"), as

administrator of the FedEx Corporation Retirement Savings Plan (the "Plan"), brought this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), against the defendants, Maurice Walker and Francis Walker, for a declaratory judgment. According to the pleadings, Clyde Walker was employed by the plaintiff as a senior supply clerk until March 24, 2002. Incidental to his employment, Mr. Walker was a participant in the Plan, which is an employee benefit plan as that term is defined by ERISA, established to provide a deferred profit sharing plan for FedEx employees. Walker had a vested account balance in the Plan and was subject to the terms thereof.

The Plan documents provide that a beneficiary designation of someone other than a spouse is ineffective absent the spouse's written consent. Specifically, the Plan states as follows:

> *Section 7.05 Designation of Beneficiaries.* At the time he becomes a Participant in the Plan, such Participant shall be entitled to designate a Beneficiary (or Beneficiaries, as provided below) to receive benefits under the Plan under Section 5.04 upon his death, which designation may be changed by the Participant from time to time before his death, provided that any such designation must be received by the Administrator on or before the date of death to be effective. A separate, single Beneficiary may be designated to receive benefits from the Participant's Accounts. However, a designation above of a person other than the Participant's spouse shall not be effective unless the Participant's spouse, if any, consents. Any such spousal consent must be in writing and witnessed by a Notary Public and

must acknowledge the effect of such consent . . .

(Pl.'s Mem. in Supp. of Mot. for Summ. J., Ex. 4 (Federal Express Corporation Profit Sharing Plan) at p. 7–5.) In August 1986, Mr. Walker designated his son, Maurice Walker, as primary beneficiary of the Plan account. In August 1994, Mr. Walker married Francis Walker. After Mr. Walker's death on June 9, 2002, defendant Francis Walker made a claim as rightful beneficiary of Mr. Walker's Plan account balance, creating competing claims between her and Maurice Walker, the designated beneficiary. According to the declaration of Francis Walker, which has not been disputed, at no time did she consent to waive any benefits to which she was entitled under the Plan as the spouse of Clyde Walker.[1] (Pl.'s Mem. in Supp. of Mot. for Summ. J., Ex. 1 (Decl. of Francis L. Walker) at ¶ 6.)

This action was instituted in order to determine the rights, obligations and legal relations of the parties with respect to Mr. Walker's account balance in the Plan. In the instant motion, FedEx seeks a judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure stating that, in accordance with ERISA and the terms of the Plan, defendant Frances Walker is entitled to the full balance of the Plan account.

## STANDARD OF REVIEW

Rule 56(c) provides that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

**1.** The court notes at this juncture that no response has been filed by either defendant to the motion for summary judgment, even though the time for such response has expired.

moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

## APPLICABLE LAW AND ANALYSIS

■ ERISA provides that a waiver of spousal rights to an employee benefit plan shall not be effective unless

(1) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such

election and is witnessed by a plan representative or a notary public . . .

29 U.S.C. § 1055(c)(2)(A). Thus, ERISA requires "plans to provide that the surviving spouse of a participant is to receive the benefits under the plan following the death of the participant, unless such benefits are specifically waived by the surviving spouse in a manner prescribed by law, i.e., the spouse's written consent." *Crawford v. Roane,* 53 F.3d 750, 755 (6th Cir.1995), *cert. denied,* 517 U.S. 1121, 116 S.Ct. 1354, 134 L.Ed.2d 522 (1996). As previously stated herein, the Plan contained such a requirement. The current version of § 1055, enacted as part of the Retirement Equity Act of 1984, enlarged ERISA's protection of surviving spouses by modifying the statute to permit participants to designate a beneficiary other than the nonparticipant spouse only upon the spouse's agreement and by expanding the coverage of the statute to include all individual account plans and defined benefit plans. *Boggs v. Boggs,* 520 U.S. 833, 843, 117 S.Ct. 1754, 1761, 138 L.Ed.2d 45 (1997), *reh'g denied,* 521 U.S. 1138, 118 S.Ct. 9, 138 L.Ed.2d 1043 (1997). The statutory object of § 1055's provisions "is to ensure a stream of income to surviving spouses." *Id.,* 117 S.Ct. at 1761.

■ In this case, the evidence before the court establishes that, although Clyde Walker designated his son, Maurice Walker, as the beneficiary of his Plan account, his wife, Francis Walker, never consented to that election. As a consequence, "given the clear and unambiguous terms of the statute," the court determines that only Francis Walker is entitled to the account benefits. *See Moore v. Philip Morris Cos., Inc.,* 8 F.3d 335, 340 (6th Cir.1993) (applying the plain meaning of the statute and awarding plan benefits to surviving spouse where participant had designated children as beneficiaries and no consent

was given by spouse to election) (collecting cases). For purposes of the court's determination, it matters not that Francis Walker's marriage to the participant occurred after Maurice Walker's designation as beneficiary. *See Binks Mfg. Co. v. Casaletto–Burns,* 657 F.Supp. 668 (N.D.Ill. 1986).

### *CONCLUSION*

For the reasons set forth herein, the plaintiff's motion for summary judgment is GRANTED and the Clerk of Court is hereby directed to enter judgment in accordance with this order.