968 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carol Sue HOWARD, Individually and as Executrix of the
Estate of Joyce Ann Jensen, Plaintiff-Appellant,
v.
BRANHAM & BAKER COAL COMPANY, et al., Defendants-Appellees.
 No. 91-5913.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 DAVID A. NELSON, Circuit Judge.
 
 
 1
 In 1979 the mother of the plaintiff in this case became a participant in an ERISA profit-sharing plan maintained by her employer. It appears that at one time, at least, the mother may have wished the survivor's annuity benefits payable under the plan to go to her daughter rather than to her surviving spouse. In 1984, however, Congress passed legislation requiring that such benefits go to the spouse unless waived by him in a manner prescribed by statute. The mother's employer amended its plan to conform to the new legislation.
 
 
 2
 Following the mother's death in 1989, the plan's administrators decided that there was no effective spousal waiver. This lawsuit followed. Agreeing with the administrators that the benefits had to be paid to the surviving spouse, the district court entered summary judgment against the daughter.
 
 
 3
 The daughter then moved for permission to submit "new evidence" in the form of a purported spousal waiver that had not previously been disclosed. The district court denied the motion for the reason, among others, that introduction of the new evidence would not affect the outcome of the case. The order denying the motion is now before us on appeal.
 
 
 4
 Although we rely on provisions of the plan not cited by the district court, we agree with the court's conclusion that the new evidence could not change the outcome of the case. Concluding that the denial of the plaintiff's motion did not represent an abuse of discretion, we shall affirm the district court's order.
 
 
 5
 * The plaintiff's mother, a widow named Joyce Ann Patrick, was employed by defendant Branham & Baker Coal Company. Mrs. Patrick had life insurance coverage as a participant in the company's profit sharing plan, and she designated her daughter, plaintiff Carol Sue Howard, as her beneficiary.
 
 
 6
 Mrs. Patrick remarried several years after the designation of Ms. Howard as beneficiary. Prior to the marriage Mrs. Patrick and her husband-to-be, Gerald Wayne Jensen, executed a pre-nuptial agreement. Under this contract, which was dated June 23, 1984, the parties agreed that their estates would not be subject to dower or courtesy and that their assets would not be affected by the marriage. Mr. Jensen agreed "to accept only such portion of [his prospective wife's] Estate as is acquired from and after the date of their marriage, by reason of activities started after the date of their marriage and not as a result of any activities started prior to the date of their marriage."
 
 
 7
 Shortly after the execution of the pre-nuptial agreement, Congress passed and the President signed into law the Retirement Equity Act of 1984, amending 26 U.S.C. §§ 401 et seq. The act provided for a "qualified preretirement survivor annuity," 26 U.S.C. § 401(a)(11)(A)(ii), that would automatically go to the surviving spouse of a vested plan participant unless waived in favor of another beneficiary (or another form of benefit) with the written consent of the spouse. 26 U.S.C. § 417(a)(1) and (2). Subject to an exception not relevant here, such spousal consent had to be witnessed by a plan representative or a notary public. 26 U.S.C. § 417(a)(2)(A)(i).
 
 
 8
 The Branham & Baker Coal Company plan was duly amended to comply with the 1984 changes in the law. With respect to a profit sharing plan participant who worked on or after August 23, 1984 (the date of enactment of the Retirement Equity Act), and who died leaving a spouse, the amended plan provided that the death benefit should be paid to the spouse unless the participant had selected another beneficiary "pursuant to a qualified election." Section 7.02(c)(3). With respect to death benefit payments, see § 7.02(c)(4), a "qualified election" was required to be in writing and to be consented to by the participant's spouse. Section 6.03(c)(3). It was further provided that "[a]ny such Spouse's consent to a waiver shall be witnessed by the Plan Administrator, or its representative, or by a notary public and, if an alternative Beneficiary other than a Spouse is to be named, shall provide for a specifically named alternative Beneficiary." Id. Finally, a designation of a beneficiary--"signed by the Participant ... and, if required, the Spouse of such Participant"--had to be "filed with the [plan] Trustee...." Section 7.03. If no such designation was on file, or if the designation was not effective for any reason, the plan provided that the participant should be deemed to have designated her spouse. Id.
 
 
 9
 Mrs. Jensen, as she had become, died in 1989. At the time of her death, her account balance in the profit sharing plan consisted of approximately $6,400 in general investments and life insurance of approximately $29,700. Plaintiff Howard was still named as the beneficiary, but it does not appear that a qualified election consented to by Mr. Jensen had ever been filed with the plan's trustee.
 
 
 10
 Through counsel, Ms. Howard asked Branham & Baker Coal Company to have the death benefits paid over to her. The plan trustee denied this request on the ground that in the absence of a valid spousal consent to the designation of another beneficiary, both the provisions of the plan and the provisions of federal law required payment to the participant's surviving spouse.
 
 
 11
 Ms. Howard requested review of this decision by an appeals committee appointed under the plan. The appeal was accompanied by copies of the pre-nuptial agreement and a previously undisclosed release signed by Mr. Jensen six days after his wife's death. The latter document acknowledged receipt of certain items from Mrs. Jensen's estate and said "I hereby acknowledge that these items are the only items I am entitled to receive from the Estate of Joyce Ann Patrick Jensen and hereby release any claim I would have on said Estate."
 
 
 12
 The committee denied Ms. Howard's appeal, concluding that neither the pre-nuptial agreement nor the release satisfied the spousal consent requirement. The committee also mentioned that the company's personnel director had given Mrs. Jensen a waiver form to be filled out by her husband; that the personnel director had explained to Mrs. Jensen that her husband's signature was needed if the designation of Ms. Howard as beneficiary were to be effective; and that Mrs. Jensen had never returned the form.
 
 
 13
 Ms. Howard commenced the present action in the United States District Court for the Eastern District of Kentucky to challenge the decision of the appeals committee. On cross-motions for summary judgment the district court held, citing federal regulations directly in point, that a pre-nuptial agreement could not satisfy the spousal consent requirement of federal law; that elections and spousal consents signed prior to enactment to the Retirement Equity Act were not valid under the act in any event; that Mr. Jensen's release of the claims against his late wife's "estate" did not appear to cover benefits payable to a beneficiary under the profit sharing plan; and that because the release did not describe the profit sharing plan benefits as property being disclaimed, the release could not be effective as a disclaimer of a nontestamentary transfer under Kentucky law. See Ky.Rev.Stat. § 394.035(1).
 
 
 14
 Ms. Howard did not perfect an appeal from the summary judgment. Instead, ten days after the entry of judgment, she moved the district court "to reopen the ... action and to permit the Plaintiff to submit new evidence which just became available." The new evidence consisted of a waiver purportedly executed by Mr. Jensen on September 4, 1986, and notarized by Mrs. Jensen on that date. The body of the waiver read as follows:
 
 
 15
 "I, Gerald Wayne Jensen, do hereby release any claim I would have of Joyce Ann Patrick Jensen's, my wife's, Employee Profit Sharing Plan with Branham and Baker Coal Company. I understand that this plan includes her retirement account and a life insurance benefit. I also accept that Joyce Ann Patrick Jensen has named Carol Sue Howard, her daughter, as her beneficiary."
 
 
 16
 The district court denied the motion to reopen on the grounds that the plaintiff had offered no explanation as to why the 1986 document could not have been produced prior to the court's decision; that the plaintiff had failed to show the exercise of due diligence in searching for such a document; and that even if the new evidence were to be admitted, it would not change the result reached earlier. In the latter connection the district court focused on the fact that the notary public before whom Mr. Jensen had purportedly signed the document was Mrs. Jensen herself--a circumstance that the court concluded would render the document ineffective as a spousal waiver. The court explained its thinking thus:
 
 
 17
 "Generally, it is considered contrary to public policy for a notary to take an acknowledgement of an instrument to which he or she is a party. 1 Am[.] Jur.2nd Acknowledgments Section 16. It would appear that Congress, through the [Retirement Equity Act], wanted a spouse to carefully consider a decision to waive retirement benefits without pressure from the other spouse and so imposed the requirement that the waiver be witnessed by a plan representative or a notary. To permit a spouse to act as notary to an instrument concerning their own benefits would appear to undermine this congressional intent. Therefore, even if the new evidence were to be considered by this Court, the outcome would not be changed."
 
 II
 
 18
 We find it unnecessary to pass on the validity of the specific reasons cited by the court in support of its decision not to reopen the case. As noted above, the Branham & Baker Coal Company plan document not only required that Mr. Jensen's consent to his wife's designation of a beneficiary other than himself be witnessed by a notary public or the plan administrator, it also required that the designation--signed by both the plan participant and her spouse--be filed with the plan trustee.
 
 
 19
 The plan is very specific as to what happens if no such designation is on file at the time of the participant's death: the participant shall be deemed to have designated her surviving spouse as beneficiary. It has never been suggested here that the newly discovered 1986 document had been filed with the trustee, so even if the document had been produced in court prior to the entry of summary judgment, Mr. Jensen would still have been deemed to be the designated beneficiary. Because the benefits would still have been payable to Mr. Jensen, there is no way we could find that the district court abused its discretion in declining to reopen the case.
 
 
 20
 It may seem inequitable that Mr. Jensen should be deemed the beneficiary if Mrs. Jensen's actual intent was that the benefits go to her daughter. The Retirement Equity Act says what it says, however, and so does the plan document. We must follow their provisions. It is neither unlawful nor unreasonable for the terms of a benefit plan to specify that the intent of a plan participant with respect to the designation of a beneficiary must be manifested in a writing that meets the requirements of the statute and that has been filed with the plan trustee. Such a requirement represents a simple and effective safeguard against fraud, and it reduces the likelihood that the plan trustee or administrators will have to make costly--and perhaps inconclusive--inquiries into the subjective state of mind of deceased plan participants.
 
 
 21
 The order appealed from is AFFIRMED.