Madeline **LASCHE**, Plaintiff,

v.

The **GEORGE W. LASCHE BASIC RETIREMENT PLAN**, et al., Defendants.

No. 93–8645–CIV.

United States District Court, S.D. Florida.

Nov. 30, 1994.

Jeff M. Brown, Lavalle, Brown, Ronan & Soff P.A., Boca Raton, FL, for defendants.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon cross-motions for summary judgment. The motions have been fully briefed and the Court has heard oral argument of counsel.

■ Because the Court herein grants Plaintiff's Motion for Summary Judgment, the Court assumes the facts as put forth by Defendants for the purpose of this motion. Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence and factual inferences are to be viewed in a light most favorable to the nonmoving party. *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1529 (11th Cir.1987). However,

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

At issue here is whether Plaintiff, who is decedent's spouse, waived her rights in the subject retirement plan, a retirement plan opened by decedent with Merrill Lynch. Defendants claim this waiver was accomplished in an amendment to a prenuptial agreement and in Merrill Lynch's New Plan Participant form.

Defendants' agree that "the effectiveness of the spousal consent is a question of law to be decided by this Court...." Defendants'

Judith A. Ripps, Kahn, Waxman & Taub, P.C., Boca Raton, FL, for plaintiff.

Reply Memorandum at 19. Under the "Questions of Law Not Agreed to" section of Defendants' Unilateral Pretrial Stipulation, the only issue listed is: "Whether the Merrill Lynch documents did conform to ERISA requirements." Defendants' Stipulation at 3. The Court agrees that this issue is dispositive and is properly decided on summary judgment.[1]

■ An effective waiver under ERISA requires:

(i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public.

29 U.S.C. § 1055(c)(2)(A). These waiver requirements must be strictly complied with. *See, e.g., McMillan v. Parrott,* 913 F.2d 310 (6th Cir.1990). This is especially true given the Congressional intent to protect spouses' rights to their spouses' retirement benefits. *See* S.Rep. No. 98–575, 98th Cong., 2d Sess. 1 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2547, 2547.

■ Defendants claim this was accomplished in Merrill Lynch's "Basic Retirement Plan New Participant Form" (Exhibit E). The relevant language in that document reads:

I am the spouse of the participant who made the beneficiary designation on this form and I consent to it. I understand that if someone other than me has been designated beneficiary, my consent means that I give up rights I may have under the Plan and applicable law (other than rights I may later have as the survivor in a joint annuity with the participant) to receive those amounts payable under the Plan by reason of the participant's death to which I

would otherwise be entitled if I were the Participant's sole beneficiary.

In *Hurwitz v. Sher,* 982 F.2d 778 (2nd Cir.1992), the Court held the below language "did not acknowledge the effect of the waiver as required by ERISA":

... each party hereby waives and releases to the other party and to the other party's heirs, executors, administrators and assigns any and all rights and causes of action which may arise by reason of marriage between the parties ... with respect to any property, real or personal, tangible or intangible ... now owned or hereafter acquired by the other party, as fully as though the parties had never married ...

*Hurwitz* at 779, 781. A common thread between the two waivers is that both speak in terms of some set of rights which *may* or may not exist with respect to some indeterminate property.

Both sides cite the following general standard as that which should govern the evaluation of waivers in this context:

The spousal consent form is to contain such information as maybe appropriate to disclose to the spouse the rights that are relinquished.

Senate Finance Committee Report, No. 99313, May 29, 1986 at L–305. Although there appears to be scant judicial delineation of exactly what information must be included in an effective waiver, this Court concludes that the above standard has not been met. The waiver language does not describe or explain the right that the spouse is giving up (i.e. to get all the money in the account). Indeed, there is no affirmative statement that the spouse is, in fact, giving up any right at all, since the waiver uses such language as "rights I may have". Such language fails "to disclose to the spouse the rights that are relinquished."

By way of comparison, the waiver involved in *Butler v. Encyclopedia Britannica, Inc.,* 843 F.Supp. 387 (N.D.Ill.1994) provided much more information to the spouse. For example, the last sentence of the waiver read:

1. In later argument, Defendants seem to abandon any contention that the amendment to the prenuptial agreement satisfies ERISA. In any event, the Court concludes that it does not, *inter*

*alia,* because of the document's failure to designate a beneficiary. 29 U.S.C. § 1055(c)(2)(A)(ii) (1988).

I understand that the effect of this designation is to cause my spouse's account balance to be paid to someone other than myself, that this beneficiary designation is not valid unless I consent to it and that my consent is irrevocable unless my spouse revokes this beneficiary designation.

*Butler* at 390. Without passing on the validity of the waiver in that case, it certainly goes further toward "acknowledging the effect" of what the spouse is about to do. The requirement that a valid waiver "acknowledge the effect" would be a hollow protection for spouses if the type of generalized, indeterminate language found in the document signed by Plaintiff were sufficient.

■ The Court finds that there is a second problem with the purported waiver. ERISA requires that the consent "is witnessed by a plan representative or a notary public. . . ." 29 U.S.C. § 1055(c)(2)(A)(iii). The space provided for the notary public to sign next to Plaintiff's signature under the waiver clause was left blank. Indeed, it is not contended that a notary public witnessed Plaintiff's consent. Nor do Defendants offer any thing more than conclusory assertions to contest Plaintiff's contention that the Merrill Lynch employees who signed at the bottom of the page (Part 6) containing the waiver (Part 4) were not plan representatives for the purposes of ERISA. Indeed, one of those employees, Faith S. Heeg, expressly states that she "executed" the Plan Form in her capacity as Administrative Manager of Merrill Lynch's Boca Raton office and notably does not assert that she was a "plan representative".

The only other person whose signature appears on the entire page is GEORGE W. LASCHE, who was the plan participant and Plaintiff's spouse. His signature appears in a section (Part 5) that is separate from the waiver and does not purport to "witness" Plaintiff's consent. Further, this Court is in agreement with the District Court in *Howard v. Branham & Baker Coal Company*, 1992 WL 154571 in that:

It would appear that Congress, through the [Retirement Equity Act], wanted a spouse to carefully consider a decision to waive retirement benefits without pressure from the other spouse and so imposed the requirement that the waiver be witnessed by a plan representative or a notary. To permit a spouse to act as notary to an instrument concerning their own benefits would appear to undermine this congressional intent.

*Howard* at **3. Considering the totality of the circumstances surrounding Plaintiff's purported waiver, the Court concludes, as a matter of law, that the waiver did not meet the ERISA requirement that the consent be "witnessed by a plan representative or a notary public". Consequently, this failure is an independent ground for granting Plaintiff's Motion for Summary Judgment in this cause.

■ Finally, with regards to Defendants alternative contention that Plaintiff is contractually bound to now execute a waiver that would be effective under ERISA, the Court concludes that such a position is "merely an attempt to evade the clear statutory requirements [of ERISA]." *Hurwitz* at 783 (citations omitted).

Because there was no effective waiver under ERISA, Plaintiff is entitled to her husband's entire account balance under the plan.

Accordingly, having reviewed the motions and the record, and having heard oral argument of counsel, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is hereby **GRANTED**. Plaintiff is directed to file a form of judgment within twenty (20) days of the date of this Order. It is further hereby:

**ORDERED AND ADJUDGED** that Defendants Motion for Summary Judgment is **DENIED**.

**DONE AND ORDERED.**