Carmen Guaus MENDEZ, Plaintiff,

v.

TEACHERS INSURANCE AND ANNUI-
TY ASSOCIATION and College Retire-
ment Equities Fund, Defendants,

Rose Diaz Cordes, as Executrix of the
Estate of Leocadio V. Diaz, deceased,
Additional Defendant on Counterclaim.

No. 91 Civ. 4873 (RPP).

United States District Court,
S.D. New York.

April 13, 1992.

Hallinan & Camche by Joel T. Camche,
New York City, for plaintiff.

Lane & Mittendorf by William E. Kelly,
New York City, for defendants Teachers
Ins. and Annuity Ass'n and College Retire-
ment Equities Fund.

Evans & Evans by Paula C. Bartlett,
Topsfield, Mass., for defendant Rose Diaz
Cordes.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District
Judge.

Plaintiff Carmen Guaus Mendez moves
for summary judgment on her claim
against the proceeds of certain retirement
annuity contracts entered into by her hus-
band Leocadio V. Diaz and Defendants
Teachers Insurance and Annuity Associa-
tion and College Retirement Equities Fund
("TIAA–CREF"). Plaintiff also moves for
an award of attorney's fees pursuant to 29
U.S.C. § 1132(g)(1). TIAA–CREF moves
for reargument of this Court's denial of its
motion to be discharged from further liabil-
ity and also moves for an award of attor-
ney's fees.

For the reasons set forth below, Plain-
tiff's motions for summary judgment and
for attorney's fees are granted and TIAA–
CREF's motions for reargument of its mo-
tion for discharge and for attorney's fees
are denied.

## BACKGROUND

In 1962, TIAA–CREF issued certain re-
tirement annuity contracts (the "annui-
ties") to Leocadio V. Diaz. Mr. Diaz desig-
nated his former wife, Virginia Diaz, as the
primary beneficiary of $25,000 of the annu-
ities and named his estate the beneficiary

of the remainder. Upon Mr. Diaz's death on December 25, 1989, TIAA–CREF paid $25,000 to Virginia Diaz as primary beneficiary. That amount was deducted off the top of the proceeds of the annuities pursuant to 26 C.F.R. § 1.401(a)–13(g)(4)(C)(2), leaving a balance of $410,544 as of June 21, 1990. Plaintiff made a demand for one half of the balance of the proceeds claiming that because she was married to Mr. Diaz at the time of his death, she is entitled to one half of the remaining balance pursuant to 29 U.S.C. § 1055(a)(1).[1]

Defendant Rose Diaz Cordes, the executrix of Mr. Diaz's estate (the "Estate"), acknowledged that the decedent had married Ms. Mendez. However, the Estate argued that Ms. Mendez abandoned Mr. Diaz and that Mr. Diaz did not intend for Plaintiff to receive any of the benefits of his estate. By a letter to TIAA–CREF dated August 17, 1990, the Estate contested Plaintiff's claim to half of the annuities proceeds. A subsequent letter, dated January 29, 1991, was accompanied by a memorandum of law in support of its position. Aff. of John P. Curran, Exhibit F at 8. The memorandum consisted of several pages relying on decisions of state courts applying state law, which were wholly inapplicable to this claim, which is governed by the Employee Retirement Income Security Act ("ERISA").

On June 18, 1991, Plaintiff brought this action in the Supreme Court of New York County to recover the proceeds to which she alleges entitlement, and on July 17, 1991 TIAA–CREF removed the action to this Court pursuant to 28 U.S.C. § 1441. Thereafter, TIAA–CREF counterclaimed in interpleader against Plaintiff and the Estate and deposited the disputed sum into the registry of this Court. TIAA–CREF moved to be discharged from further liability in the action pursuant to 28 U.S.C. § 2361, and has recently moved for an award of its attorney's fees. The motion for discharge was denied at oral argument by this Court's order of December 18, 1991 because counsel for TIAA–CREF "were unable to confirm that the proceeds of the annuities had not been depleted by more than one half of the corpus."

Because the Estate is not opposing Plaintiff's motion for summary judgment, that motion is granted. Plaintiff is hereby awarded the remaining proceeds of the annuities, which amount to $205,949.89 plus interest thereon. Because there is no remaining risk of double liability to TIAA–CREF, its motion for reargument of this Court's denial of its motion for discharge is now moot. The parties' claims for attorney's fees remain to be resolved.

### DISCUSSION

ERISA provides that it is within the discretion of the district court to award attorney's fees in actions brought by beneficiaries to recover benefits due. 29 U.S.C. § 1132(g)(1). Plaintiff contends that her entitlement to the disputed proceeds of the annuities has been at all times clear, and that TIAA–CREF's claim that it was investigating the merits of the Estate's claim was a "sham." Therefore, Plaintiff argues, she is entitled to reimbursement of attorney's fees incurred in her effort to secure the proceeds to which she claimed entitlement.

In support of her motion, Plaintiff relies on *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir.1987), where the court held that in an ERISA case, the decision of whether to award attorney's fees is based on five factors:

(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from

---

**1.** Section 1055(a)(1) provides that "in the case of a vested participant who retires under the plan, the accrued benefit payable to such participant shall be provided in the form of a qualified joint and survivor annuity."

A qualified joint and survivor annuity means an annuity for the life of the spouse which is not less than 50 percent of the amount of the annuity which is payable during the joint lives of the participant and the spouse. *Id.* § 1055(d).

TIAA–CREF distributed the uncontested half of the annuities to the Estate.

acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

An application of these factors to the case before this Court indicates that Plaintiff should be awarded her attorney's fees.

The relative merits of the parties' positions, which is the fourth *Chambless* factor, weigh heavily in favor of Plaintiff's recovery for her attorney's fees. Federal statutory and regulatory law indicate clearly that Plaintiff is entitled to half the proceeds of the policy. Under ERISA, a surviving spouse is entitled to not less than fifty percent of the amount of the annuity. 29 U.S.C. §§ 1055(a)(1) & (d). Any doubt on the part of TIAA–CREF that the alleged abandonment of Mr. Diaz, or his "intention" to deprive Plaintiff of her proceeds, might preclude Plaintiff's entitlement is answered directly by 26 C.F.R. § 1.401(a)–20 A–27 (1991). That section provides that for Plaintiff's rights to be terminated, she must either (1) consent to the termination, or (2) have abandoned Mr. Diaz within the meaning of local law, and a court must have issued an order to such effect. There is no indication that the Estate ever suggested that a court order of abandonment existed. Accordingly, upon receipt of the Estate letter of January 29, 1991, TIAA–CREF should have concluded that Plaintiff was plainly entitled to her half of the policy proceeds.

The second *Chambless* factor, the ability of the offending party to satisfy an award of attorney's fees, also favors Plaintiff. TIAA–CREF clearly has the resources to pay Plaintiff's attorney's fees.

The degree of the offending party's culpability or bad faith, which is the first *Chambless* factor, weighs slightly in Plaintiff's favor. A sophisticated party, such as TIAA–CREF, with substantial experience in the area of ERISA law, should have recognized that state law, which the Estate relied upon in its memorandum, had no relevance to issues clearly arising under federal ERISA law and should have realized that a court order of abandonment was required. TIAA–CREF forced Plaintiff to file suit and then moved to interplead the funds. In short, Plaintiff was forced to initiate legal action to recover proceeds which TIAA–CREF should have paid Plaintiff upon receipt of the Estate's legal memorandum based on irrelevant law. Plaintiff, the statutorily designated recipient of ERISA funds, should not bear the legal expenses resulting from TIAA–CREF's refusal to distribute the funds.

As for the third factor, whether an award of attorney's fees would deter other persons from acting similarly under like circumstances, an award of attorney's fees here should encourage ERISA fiduciaries to exercise a reasonable degree of diligence in separating frivolous claims from those with merit prior to seeking a court determination and to act in a timely fashion.

The fifth *Chambless* factor, whether an action confers a common benefit on a group of pension plan participants, is not met here. Of course, the absence of one of the five factors need not preclude an award of attorney's fees.

Following the rule of *Chambless*, this is an appropriate case for an award to Plaintiff of her attorney's fees. Plaintiff is ordered to file and serve on TIAA–CREF an application for such fees, to be paid by TIAA–CREF and not the fund, within 20 days after the filing of this Opinion and Order.

Because the litigation fees in this matter were incurred due to TIAA–CREF's failure to exercise an appropriate amount of diligence in investigating the merits of the Estate's claim, this Court will not exercise its discretion in favor of awarding attorney's fees to TIAA–CREF, which would reduce the funds distributed to Plaintiff.

## CONCLUSION

Plaintiff's motions for summary judgment and for attorney's fees are granted. Defendant TIAA–CREF's motions for discharge from further liability on the annuity insurance contracts and for attorney's fees are denied.

IT IS SO ORDERED.