## Barbara L. DAVIS

### v.

## COLLEGE SUPPLIERS COMPANY, Edward Walsh, Sue Davis, R. Davis.

### Civ. A. No. J91–0559(W)(C).

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 10, 1993.

Jeffrey A. Walker, Jackson, MS, for plaintiff.

Thomas H. Suttle, Jr., Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

In her lawsuit filed under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., (hereinafter "ERISA"), plaintiff Barbara L. Davis raises three claims in support of her prayer for relief: (1) that without her consent and in violation of § 205 of ERISA, 29 U.S.C. § 1055, as well as in violation of the terms of her husband's pension plans, namely, College Suppliers Company Defined Benefit Pension Trust Plan and College Suppliers Company Money Purchase Pension Plan and Trust, the defendant ERISA plan fiduciaries distributed a lump sum to her husband, while failing to provide to plaintiff a qualified joint and survivor annuity; (2) that without her consent and in violation of § 205 of ERISA, 29 U.S.C. § 1055, as well as in violation of the terms of her husband's pension plan, namely, College Suppliers Company Employees Retirement Plan and Trust, the defendant ERISA plan fiduciaries distributed a lump sum to her husband, while failing to provide for plaintiff a qualified joint and survivor annuity; and (3) that a trustee of the plans, R. Lee Davis, has unlawfully coerced and discriminated against plaintiff for the purpose of interfering with her rights under ERISA. Plaintiff's motion for summary judgment pursuant to Rule 56,[1] Federal Rules of Civil Procedure, seeks summary judgment only as to claim numbered one (1) above. Defendants oppose the motion, but pursuant to the teachings of Rule 56, the court is persuaded to grant the motion. Succinctly stated, the court holds that the defendants violated both the strictures of ERISA, as well as clear provisions of the pension plans in issue, when defendants distributed to plaintiff's husband, the participant in various ERISA-covered employee pension benefit plans established by his defendant employer, the sum of $75,482.31 in the absence of either plaintiff's consent or the provision of a joint and survivor annuity to her.

### PARTIES

The plaintiff is Barbara L. Davis, an adult resident citizen of Hinds County, Mis-

---

1. Rule 56(a) of the Federal Rules of Civil Procedure provides:

 (a) For Claimant. A party seeking to recover upon a claim, counterclaim, cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

sissippi, and the wife of Alfred Berkeley Davis. The defendants are College Suppliers Company; the administrator of the employee pension benefit plans at issue; R. Lee Davis, an officer and employee of College Suppliers Company and trustee of certain employee pension benefit plans at issue; Sue V. Davis, an officer of College Suppliers Company and trustee of certain employee pension benefit plans at issue; College Suppliers Company Defined Benefit Pension Trust Plan (hereinafter "Defined Benefit Trust"), an employee pension benefit plan established by College Suppliers Company; College Suppliers Company Money Purchase Pension Plan and Trust (hereinafter "Money Purchase Trust"), an employee pension benefit plan established by College Suppliers Company; and College Suppliers Company Employees Retirement Plan and Trust (hereinafter "the 401K Trust"), an employee pension benefit plan established by College Suppliers Company.

## FACTS

Plaintiff Barbara L. Davis is the widow of Alfred Berkeley Davis. During his lifetime Alfred Berkeley Davis was employed by defendant College Suppliers Company for a number of years. The company offered various ERISA employee pension benefit plans, and Alfred Berkeley Davis took advantage of the opportunity to enroll in them. The two plans in issue here, namely, the Defined Benefit Trust and the Money Purchase Trust, both contained the following provision:

As of the benefit commencement date, the benefits of a Participant ... will be paid in the form of a Qualified Joint and Survivor Annuity if the Participant and his Spouse are married to each other on such date unless an election is made otherwise....

Such election waiving a Qualified Joint and Survivor Annuity shall be in writing on a form satisfactory to the Plan Administrator and in the case of a married participant must have the consent of the Participant Spouse. The Spouse's consent must be in writing and witnessed by a plan representative or notary public.

Defined Benefit Trust at Article IX, § 9.08 and Money Purchase Trust at Article VII, § 7.14.

On August 8, 1991, Alfred Berkeley Davis died. Approximately three years before his death, he had received a $75,482.31 lump sum distribution from two College Suppliers Company pension plans. The distribution was made without the consent of plaintiff Barbara L. Davis, and no benefits were paid to plaintiff in the form of a Qualified Joint and Survivor Annuity.

When Mr. Davis died, he was still married to, but separated from the plaintiff. In his complaint for divorce filed November 17, 1986, Mr. Davis alleged under oath that he and the plaintiff had been separated since August 20, 1984. In her answer and counterclaim, the plaintiff admitted these allegations. The state court Chancellor did not grant a divorce, according to defendants' counsel, because the two parties did not agree upon a property settlement. Nor did the Chancellor order separate maintenance. According to defendants' attorney, after the parties separated, they never again reunited to cohabitate as husband and wife.

## LAW

In 1984, Congress amended ERISA and the Internal Revenue Code to provide additional protection to the dependent spouses of employees covered by pension plans, primarily widows and divorcees. Retirement Equity Act of 1984, Pub.L. No. 98–397, 98 Stat. 1426 (1984). *See generally Ablamis v. Roper,* 937 F.2d 1450, 1453 (4th Cir. 1991). As a result of that amendment, Section 205 of ERISA, 29 U.S.C. § 1055,

provides that all ERISA pension plans must provide a joint and survivor annuity to the surviving spouse of each participant, unless the plan provides that, at the death of the participant, the participant's nonforfeitable accrued benefits are payable in full to the surviving spouse, or unless the surviving spouse specifically waives survivor benefits. Section 1055's provisions do not apply if ... the surviving spouse signs a waiver,

acknowledged by the plan administrator or a notary public, indicating his or her intention to waive these benefits.

*Hollingshead v. Burford Equipment Co.,* 747 F.Supp. 1421, 1439 (M.D.Ala.1990). The College Suppliers Company pension plans *sub judice* incorporate § 205's qualified joint and survivor annuity requirements as well as the spousal consent provisions. *See* pp. 3–4 of this Opinion and Defined Benefit Trust at Article IX, § 9.08 and Money Purchase Trust at Article VII, § 7.14.

In paragraph 14 of their amended answer to the amended complaint, the defendants admit "that Barbara L. Davis has not received a qualified pre-retirement survivor annuity or a qualified joint and survivor annuity." In the same paragraph, the defendants further admit that Barbara L. Davis has "never signed a waiver in connection with her late husband's benefits under these plans."

 Nonetheless, the defendants contend that plaintiff should not receive a survivor annuity. Two arguments are advanced by the defendants. First, they contend that "[t]his Court should not treat Mr. and Ms. Davis as having been married in the Fall of 1988, when the two plans terminated and the distribution to Mr. Davis was made." (Defendants' Reply Brief at 5). Second, they contend that plaintiff "has waived her right to claim" the annuity because "[s]he could have requested that the mistake she claimed was made be corrected." (Defendants' Reply Brief at 6). As discussed below, neither argument has merit.

## BARBARA L. DAVIS WAS THE "SPOUSE" OF ALFRED BERKELEY DAVIS. FOR PURPOSES OF ERISA, "SPOUSE" MEANS THE PERSON TO WHOM ONE IS LAWFULLY MARRIED.

Without even a sliver of authority, the defendants argue that Barbara was not her husband's "spouse" as that term is used in ERISA, because a state court had denied the couple a divorce and there is a history of marital discord. (Defendants' Reply

Brief at 5). According to the defendants, ERISA's use of the term "spouse" should encompass only those persons involved in

a relationship by which each spouse has the right to the consortium of the other, i.e., the right to society, companionship, love, affection, aid, services, support, sexual relations and comfort, the right to live together in the same domicile, to eat at the same table, and to participate together in the activities, duties and responsibilities necessary to make a home.

(Defendants' Reply Brief at 5). The defendants' proposed definition is not the law.

First, § 205 of ERISA references "spouse" in terms of "spouse in such marriage." 29 U.S.C. § 1055(f)(2)(B). In *Kahn v. Kahn,* 801 F.Supp. 1237 (S.D.N.Y. 1992), an ERISA case, that Court concluded "that the common law meaning of 'spouse' is settled, straightforward, and dispositive: 'spouse' means a man or woman joined in wedlock, in short, one's husband or wife." *Id.* at 1241 (citing *Black's Law Dictionary* (5th Ed.1979), and *Webster's Third New International Dictionary* ).

Then, another ERISA case, *In re Lefkowitz,* 767 F.Supp. 501 (S.D.N.Y.1991), directly and unequivocally rejected the quality-of-marriage definition urged by the defendants in this case.

Lefkowitz argues that a [qualified preretirement survivor annuity] should not be enforceable because Mrs. Marsh was estranged from and abandoned Mr. Marsh after he suffered a stroke, and they both subsequently filed for divorce. For all intents and purposes, the marriage was a nullity and should be deemed dissolved according to Lefkowitz. I disagree. Inequitable as it may seem, the Marsh's were still married under the law because neither divorce was finalized prior to Mr. Marsh's demise.

*Id.* at 508 n. 12.

Further, the court notes that the defendants' psychosocial definition of the term "spouse" would have nightmarish consequences for employers and employee benefit plans. Under the defendants' definition, only those employers and plan administra-

tors with the most intimate understanding and detailed information concerning a participant's marriage would be in a position to guess whether spousal consent might be required prior to a plan distribution, a plan termination, or a change in beneficiary.

## THE DEFENDANTS' FIDUCIARY OBLIGATIONS CANNOT BE IMPOSED ON BARBARA. WAIVERS OF ERISA RIGHTS MUST BE KNOWING, WRITTEN AND OTHERWISE OBTAINED THROUGH THE PROCESS PROVIDED BY THE STATUTE.

■ Each of the defendants is a plan fiduciary with ERISA-imposed fiduciary duties to the plan and to plan beneficiaries such as the plaintiff. *See generally American Federation of Unions v. Equitable Life Assurance Society,* 841 F.2d 658, 662–663 (5th Cir.1988). "ERISA's legislative history confirms that the Act's fiduciary responsibility provisions 'codif[y] and make[e] applicable to [ERISA] fiduciaries certain principles developed in the evolution of the law of trusts.'" *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80, 92 (1989).

Apparently, the defendants contend that plaintiff had a duty to police the defendants' discharge of their fiduciary obligations, and that having failed to catch their "mistake," plaintiff is somehow estopped to recover what she has lost because of the trustees' breaches of fiduciary duties. Defendants fail to cite even one ERISA precedent in support of this novel contention.

The § 205 annuity is automatic and mandatory, absent a waiver. *Tulley v. Ethyl Corp.,* 861 F.2d 120, 124 (5th Cir.1988); and *Donohue v. Shell Provident Fund,* 656 F.Supp. 905, 908 (S.D.Tex.1987). The case of *Zinn v. Donaldson Co.,* 799 F.Supp. 69 (D.Minn.1992), holds that even formal, written antenuptial agreements and written consents to wills are wholly inadequate under ERISA to waive a spouse's right to a § 205 annuity. *Id.* at 73. The fact that the plan failed to provide the annuity when

required by ERISA is the trustees' fault and not plaintiff's fault. The only illegal conduct was the failure to provide plaintiff a § 205 annuity.

The only way that plaintiff validly could have waived her right to the § 205 annuity would have been to execute a written waiver containing the provisions required by the statute. The defendants admit that such a waiver has never been executed by plaintiff and that, quite simply, is the end of the inquiry.

## THERE ARE NO GENUINE ISSUES OF MATERIAL FACT. JUDGMENT IS APPROPRIATE AS A MATTER OF LAW.

The standard for summary judgment is ably set out in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Plaintiff has met her burden of demonstrating the absence of any genuine issue of material fact and that she is entitled to judgment as a matter of law. Contrariwise, as noted previously, the defendants have cited absolutely no pertinent authority for their opposition to the motion. The factual disputes raised by the defendants, e.g., marital discord, are not material facts and thus cannot affect plaintiff's right to summary judgment. *See, e.g., Rosas v. Small Business Administration,* 964 F.2d 351, 355 (5th Cir.1992) (" 'Material facts' are 'facts that might affect the outcome of the suit under the governing law.'") (citation omitted).

Summary judgment is an appropriate mechanism for the disposition of ERISA claims. Indeed, the court notes that most of the cases cited by plaintiff, particularly those cases discussing § 205 annuities, were decided on motions for summary judgment. *See Kahn v. Kahn,* 801 F.Supp. 1237, 1247 (S.D.N.Y.1992); *Mendez v. Teachers Insurance & Annuity Association,* 789 F.Supp. 139, 141 (S.D.N.Y.1992); and *In re Lefkowitz,* 767 F.Supp. 501, 510 (S.D.N.Y.1991).

Accordingly, persuaded that here there are no genuine issues of fact and that as a matter of law plaintiff is entitled to a judg-

ment on the claim raised herein, the court grants her summary judgment.

SO ORDERED AND ADJUDGED.