**Helen KOPEC, Plaintiff,**

v.

**Donald KOPEC as Trustee of Dak Pension Plan, Donald Kopec, and Internal Revenue Service, Defendants.**

No. 97–CV–3800 (ADS).

United States District Court,
E.D. New York.

Oct. 18, 1999.

Guttman & Guttman, Melville, NY, Bruce H. Guttman, of counsel, for plaintiff Helen Kopec.

Zachary W. Carter, United States Attorney, U.S. Dept. of Justice, Tax Division, Washington, DC, by Wendy J. Kisch, Assistant U.S. Attorney, for defendant Internal Revenue Service.

Steven Heller, Dix Hills, NY, for defendant Donald Kopec.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This is an interesting case, apparently of first impression, involving principles of ERISA law. The case arises out of a levy by Defendant Internal Revenue Service ("IRS") against the Individual Retirement Account ("IRA") of Defendant Donald Kopec ("Donald") for unpaid taxes. Helen Kopec ("Helen"), the Plaintiff and Donald's wife, seeks to vacate the levy as to one-half of the proceeds of that IRA on the grounds that she, as Donald's spouse, is entitled to those funds under ERISA as her potential survivorship benefit arising out of Donald's pension through the Defendant DAK Pension Plan ("DAK" or "the plan"). Presently before the Court are motions by Helen and the IRS for summary judgment.

## BACKGROUND

The facts are undisputed and can be stated succinctly. In 1996 and 1997, the IRS made assessments against Donald for tax deficiencies in excess of $1 million. Incident to these assessments, the IRS levied on Donald's assets, including an IRA he had opened in his own name. The contents of the IRA are funds that were rolled over directly from Donald's pension with DAK. The Plaintiff's brief claims that the plan was terminated on Dec. 31, 1990, but that fact is not alleged in the parties' rule 56.1 statements or supporting affidavits. Helen alleges that, since she never waived her survivorship rights in Donald's pension, she retains survivorship rights in one-half of the contents of the IRA, and seeks to dissolve the IRS levy as to her share of the assets.

Helen filed this action pursuant to ERISA, citing jurisdiction based on 29 U.S.C. § 1451(c). Her complaint alleges that she was never provided with the information required by 29 U.S.C. § 1055(a)(1)(2), and never signed the spousal waiver provided for in 29 U.S.C. § 1055(d). She contends that, as a result, this lack of consent "negates the rollover made to [Donald's] Individual Retirement Account," and that "Plaintiff's spousal rights entitle her to fifty percent (50%) of the proceeds contained within Defendant's Individual Retirement Account." She challenges the IRS levy against her hus-

band's IRA as wrongful on the ground that it fails to recognize her spousal right to one-half of the funds.

Helen moved for summary judgment, claiming that the provisions of ERISA entitle her to an interest in her husband's pension, and that his rolling over of the pension distribution into an IRA did not extinguish her right. She further argues that she is protected by the "innocent spouse rule" in 26 U.S.C. § 6013(e)(1)(3), which prevents her from being held liable for her husband's tax liabilities.

The IRS cross-moved for summary judgment, contending that Helen has no rights to the contents of Donald's IRA, because she has no vested right to the pension distribution. The IRS contends that because her rights to Donald's pension benefits are in the nature of a survivor annuity, the fact that Donald is still alive makes her interests in the pension fund merely contingent. Moreover, the IRS argues that any ERISA rights Helen may have had were extinguished upon the distribution of the pension funds. Further, the IRS rejects any contention that Donald's receipt of benefits created a constructive trust for the benefit of his wife. The IRS asserts that it has shown a sufficient nexus between Donald and the IRA funds, and that a levy against such funds with regard to Donald's tax liabilities is proper.

### DISCUSSION

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Wilkinson v. Russell*, 182 F.3d 89, 96–97 (2d Cir.1999); *In Re: Blackwood Associates, L.P.*, 153 F.3d 61, 67 (2d Cir.1998) (*citing* Fed.R.Civ.P. 56[c] and the seminal cases of *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 [1986] and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 [1986]). Because the parties

are in agreement here regarding all material facts, this case requires the Court to make a finding as a matter of law.

■ The Plaintiff's cause of action against the IRS merely asserts that the IRS levy against the full amount of Donald's IRA is "wrongful." Presumably, although the Plaintiff's complaint fails to so state, her cause of action is being alleged under 26 U.S.C. § 7426(a)(1), which provides that a person claiming an interest in property that the IRS has levied upon may bring a civil action in the federal courts to dissolve that levy. An action for wrongful levy under section 7426(a)(1) initially requires the plaintiff to prove title to or an ownership interest in the property levied upon, which would then shift the burden to the Government to demonstrate a nexus between the property and the taxpayer, after which the plaintiff would have the ultimate burden to prove the levy was wrongful. *LiButti v. U.S.*, 107 F.3d 110 (2d Cir.1997).

The Plaintiff's contention that she has an ownership interest in the IRA funds is based solely on her assertion that her survivorship interest under the DAK pension plan continues on in Donald's IRA. There is no dispute that ERISA requires that a pension fund include an annuity for a surviving spouse, 29 U.S.C. § 1055(a)(2), and that such a spousal annuity can only be waived by the spouse in writing, witnessed by a notary. 29 U.S.C. § 1055(c)(2)(a); *Franklin v. Thornton*, 983 F.2d 939 (9th Cir.1993). There is also no dispute that Helen did not waive her annuity as required by the statute. The question before this Court, which appears to be one of first impression, is whether she therefore has an ownership interest in the funds that were distributed in full to her husband without her waiver of her interest in them.

The Court's research has not revealed any cases in which a court has suggested that a distribution of pension benefits prior to a valid spousal waiver creates an ownership interest in the spouse to some of the

220

distributed monies. On these facts, courts have routinely held that, despite the plan's wrongful distribution, it is still required to pay survivor benefits to the spouse if her husband predeceases her. *See e.g. Rice v. Rochester Laborers' Annuity Fund*, 888 F.Supp. 494, 498 (W.D.N.Y.1995) ("The premature payment to Harold Rice does not relieve the Fund of its obligation to the plaintiff [spouse]."); *Long v. Westgate Graphic Design*, 1996 WL 473400 at *3 (N.D.Ill.1996); *Davis v. College Suppliers Co.*, 813 F.Supp. 1234 (S.D.Miss.1993); *see also Hearn v. Western Conference of Teamsters Pension Fund*, 68 F.3d 301 (9th Cir.1995) (a spouse's entitlement is subject to offset of benefits already paid out where the plan was innocently deceived). The Plaintiff could obtain a judgment against Donald's personal assets by a suit against him in his capacity as trustee for the DAK pension fund. 29 U.S.C. § 1109 (allowing personal liability for breach of fiduciary duties by plan trustees); *see Varity Corp. v. Howe*, 516 U.S. 489 n. 3, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). However, the Plaintiff has not sought summary judgment against Donald in the instant motion.

Thus, on the instant motion, if the Plaintiff is to establish that she has an existing ownership right in the levied funds, this right must arise as an automatic consequence of the distribution to Donald as a plan participant. The Court has not unearthed any authority for the proposition that a wrongful payment of funds to one beneficiary creates an ownership right to those funds in the proper recipient. Indeed, cases like *Rice, Long,* and *Davis* cited above, which authorize the wronged spouse to sue the plan for a declaration that her right to benefits still exists, imply the contrary. If a spouse could automatically claim an ownership right to half the monies that were distributed to her husband, allowing her to also obtain a declaration that the pension plan must honor her survivor benefit would constitute a double recovery for her.

In fact, the Court is not convinced that a wronged beneficiary has any cause of action, at least under ERISA, against her participant husband. While 29 U.S.C. § 1132(a)(1)(b) authorizes suits "by a beneficiary to recover benefits due to him under the terms of his plan," the Second Circuit has suggested that "in a recovery of benefits claim [under § 1132(a)(1)(b) ], only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195 (2d Cir. 1989). In a number of situations, ERISA has been interpreted to authorize civil suits against non-fiduciaries, *Brock v. Gerace*, 635 F.Supp. 563 (D.N.J.1986); *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629 (W.D.Wis.1979), but such findings invariably entail non-fiduciary third parties who knowingly assist a fiduciary in some improper act, resulting in the courts treating the third party as having assuming a fiduciary role. *See e.g. Vilas v. Lyons*, 702 F.Supp. 555, 562 (D.Md.1988). Such a theory of recovery would be inapplicable here, where Donald was both a participant and the sole fiduciary of the DAK pension plan, as he could not assist *himself* in breaching his fiduciary duties. Under circumstances such as these, where the participant who received the funds sought by the plaintiff was also a fiduciary who erroneously distributed them, a suit against Donald as fiduciary of the plan would be the proper way to reach his personal assets, including the funds distributed to him.

■ For these reasons, the Court concludes that the payment of funds to Donald does not also create an ownership interest in Helen for the value of her survivorship interest. The cases cited by the Plaintiff do not alter this conclusion. In *Boggs v. Boggs*, 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997), the Supreme Court observed that a spouse's survivor annuity cannot be waived without the spouse's explicit consent. Contrary to what the Plaintiff ar-

gues here, the distribution to Donald does not extinguish her right to a survivor's annuity; under the *Rice/Long/Davis* line of cases, it is clear that Helen's survivor annuity is still an obligation of the DAK pension fund that must be fulfilled when (and if) it becomes due. While *Toledo Plumbers and Pipefitters Plan v. U.S.*, 1991 WL 172932 (N.D.Ohio 1991) stands for the proposition that the IRS may not levy on a delinquent taxpayer's funds in a pension plan if the taxpayer's spouse refuses to waive her interest in the funds, cases like *Rice* demonstrate that, once those funds are distributed, the spouse's financial rights remain an obligation that the fund must pay according to the terms of the plan. Since the spouse retains a right to receive her full benefit from the fund, by implication, the spouse's rights in the monies distributed are extinguished.

Finally, the Plaintiff's citation to *Travelers Ins. Co. v. Rattermann*, 1996 WL 149332 (S.D.Ohio 1996) is unavailing. In *Rattermann*, the IRS sought to recover delinquent taxes from a taxpayer by levying against his monthly pension benefits; it did not seek to attach the full corpus of the taxpayer's accrued pension benefit, nor did it levy against the taxpayer's wife's survivor annuity. The IRS acknowledged in *Rattermann* that it had no right to take the spouse's annuity payments, as does the IRS here. As stated above, Helen's right to a survivor annuity lives on as an obligation of the DAK pension fund; it is in no way extinguished by the IRS's levy on the full amount of Donald's IRA. While DAK may claim that it has satisfied its obligations to both Kopecs in distributing Donald's entire accrued benefits, its failure to require a proper spousal waiver under 29 U.S.C. § 1055 compels the conclusion that it continues to owe a duty to Helen Kopec. *See e.g. Rice, supra.*

The Court is aware that the DAK plan may no longer exist. However, as the question before the Court is a legal one, the particular facts of this case do not affect the analysis. Helen has offered no authority to suggest that her ownership right to Donald's IRA should be determined based on whether the pension plan continues to operate or not, and the Court finds no legal basis to make such a variable and unpredictible rule.

As Helen cannot demonstrate a right under ERISA to the funds currently in Donald Kopec's IRA, her motion for summary judgment is DENIED, and the IRS motion for summary judgment is GRANTED. Helen's cause of action against the IRS is dismissed. The remaining causes of action alleged against Donald and the DAK pension plan will proceed to discovery, if desired by the Plaintiff. The Plaintiff's counsel is directed to address the Court by letter within 10 days from the date of this order as to whether the Plaintiff desires to proceed against the remaining Defendants.

**SO ORDERED**