The new discovery end date is April 5, 2005.

An appropriate form of Order has been executed.

906 A.2d 1145

LISA DEO, JENNIFER MORELLO AND SUSAN LOTT IN HER CAPACITY AS THE EXECUTRIX OF THE ESTATE OF JOHN MORELLO, PLAINTIFFS, v. ROSALYN MORELLO, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Decided March 27, 2006.

---

*Mitchell B. Seidman,* for plaintiffs (*Seidman & Associates,* attorneys).

*H. Jonathan Rubinstein,* for defendant (*The Feinsilver Law Group,* attorneys).

SIMONELLI, J.S.C.

## PRELIMINARY STATEMENT

Plaintiffs, Lisa Deo ("Lisa"), and Jennifer Morello ("Jennifer"), are the daughters of John Morello ("Mr. Morello"). Mr. Morello died on January 22, 2004. Mr. Morello's sister, plaintiff Susan Lott ("Ms. Lott"), is the Executrix of Mr. Morello's estate.[1]

On December 2, 2005, plaintiffs filed a Verified Complaint and Order to Show Cause against Mr. Morello's second wife, defendant, Rosalyn Morello ("Mrs. Morello"). They seek an Order directing Mrs. Morello to, *inter alia*, permanently turn over the benefits under a Profit–Sharing Incentive Plan (the "Profit–Sharing Plan") and 401K Savings Plan (the "Savings Plan") that Mr. Morello participated in through his employer, the Schering–Plough Corporation ("Schering–Plough").[2]

Plaintiffs allege that Mrs. Morello is not entitled to the benefits under the Plans because Lisa and Jennifer are designated on a Beneficiary Designation Form as the beneficiaries of those benefits, they are the sole beneficiaries under Mr. Morello's Last Will and Testament and Mrs. Morello waived her right to Mr. Morello's retirement benefits in a premarital agreement.

On December 5, 2005, the court entered an order requiring Mrs. Morello to show cause on January 6, 2006, why an order should not be entered preliminarily enjoining and restraining her from, *inter alia*, dissipating, damaging or adversely affecting the benefits under the Plans pending further order of the court. The return date of the Order to Show Cause was adjourned to March 8, 2006.

---

[1] Lisa, Jennifer and Ms. Lott may sometimes be referred to collectively as "plaintiffs".

[2] The Profit–Savings Plan and Savings Plan may sometimes be referred to collectively as "the Plans".

On January 27, 2006, Mrs. Morello filed a cross-motion for an order dismissing the Verified Complaint for failure to state a claim, enforcing a prior settlement and transferring this matter to the Probate Part.

The only issue the court will address in this opinion is whether it should preliminarily enjoin and restrain Mrs. Morello from dissipating, damaging or adversely affecting the benefits under the Plans or dismiss with prejudice all claims in the Verified Complaint relating to those benefits.

## FINDINGS OF FACT

The court read and considered the moving and opposing papers and heard and considered the arguments of counsel. Based upon the foregoing, the court makes the following findings of fact:

### The Will And Pre–Marital Agreement

Mr. Morello was previously married to Vita Morello. They divorced on October 22, 1990. Vita Morello remarried on December 31, 1990. Since her remarriage she has sometimes been known and signed her name as Vita Kroll (Vita Morello shall be hereinafter referred to as "Mrs. Kroll").

On November 30, 1989, Mr. Morello signed a Last Will and Testament in which he designated Lisa and Jennifer as sole beneficiaries of his estate (the "Will").

Mr. Morello and Mrs. Morello were married on July 12, 1997. On July 11, 1997, Mrs. Morello signed a premarital agreement, to which the Will was allegedly attached. The premarital agreement provided:

> Parties waive their respective interest in all retirement benefits of the other, including but not limited to profit-sharing, investment portfolios, and annuities, unless said party is specifically made a beneficiary of said benefits in writing. Specifically excluded is any death benefit payable to [Mrs. Morello] under the pension plan provided to [Mr. Morello] by Schering Plough.

Mrs. Morello disputes the validity of the premarital agreement.

Mr. Morello retired on January 1, 2004. He died unexpectedly on January 22, 2004. The Will was probated on April 1, 2004.

Schering–Plough has been paying the benefits under the Plans to Mrs. Morello.

### The Profit–Sharing Plan

Mr. Morello was a participant in the Profit–Sharing Plan. The Profit–Sharing Plan constituted a plan described in Section 404(c) of the Employee Retirement Income Security Act ("ERISA"). The Profit–Sharing Plan defined a beneficiary as follows:

"Beneficiary" means any person, persons or entity designated by a Participant to receive any benefits payable in the event of the Participant's death. However, a married Participant's spouse shall be deemed to be the Participant's Beneficiary, unless or until the Participant elects another Beneficiary with Spousal Consent. If no Beneficiary designation is in effect at the Participant's death, or if no person, persons or entity so designated survives the Participant, the Participant's surviving spouse, if any shall be deemed to be the Beneficiary; otherwise the Beneficiary shall be the estate of the Participant.

The Profit–Sharing Plan defines spousal consent as follows:

"Spousal Consent" means the written consent of a Participant's spouse to the Participant's designation of a specified Beneficiary. The specified Beneficiary shall not be changed unless further Spousal Consent is given. The spouse's consent shall be witnessed by a Plan representative or notary public. The consent of the spouse shall also acknowledge the effect on him or her of the Participant's election. The requirement for spousal consent may be waived by the Committee or its delegate if it believes that there is no spouse, or the spouse cannot be located, or because of such other circumstances as may be established by applicable law.

### The Beneficiary Designation Form
### For The Profit–Sharing Plan

To name a beneficiary other than a spouse, the Profit–Sharing Plan required Mr. Morello to submit a Beneficiary Designation Form (the "Beneficiary Form"). The Beneficiary Form contained the following requirement:

If you name a beneficiary other than your spouse or your spouse is to receive less than 100% of the benefit your spouse must give his or her written consent to such beneficiary designation. *Your spouse's signature must be notarized.* (Emphasis in original.)

The Beneficiary Form also contained the following language:

**\* SPOUSAL CONSENT**: I hereby give consent to my spouse to designate the above beneficiary(ies) and not myself. In so doing, I acknowledge that I am

waiving any and all rights which I would otherwise have under the Schering–Plough Employees' Profit–Sharing Incentive Plan as provided by Federal Law.

Mrs. Kroll signed the Beneficiary Form as "Vita Morello" on January 4, 1999. She did not do so before a notary public.[3] Mr. Morello did not sign the Beneficiary Form until November 4, 1999. Mr. Morello designated Lisa and Jennifer as the beneficiaries of the benefits of the Profit–Sharing Plan.

Mrs. Morello alleges that Lisa, Mrs. Kroll and Lisa's husband, Michael Deo, conspired to forge the Beneficiary Form.

## The Savings Plan

Mr. Morello also participated in the Savings Plan. The Savings Plan constituted a plan described in Section 404(c) of ERISA. The Savings Plan defined a beneficiary as follows:

"Beneficiary" means any person, persons or entity designated by a Participant to receive any benefits payable in the event of the Participant's death. However, a married Participant's spouse shall be deemed to be the Participant's Beneficiary, unless or until the Participant elects another Beneficiary with Spousal Consent. If no Beneficiary designation is in effect at the Participant's death, or if no person or entity so designated survives the Participant, the Participant's surviving spouse, if any, shall be deemed to be the Beneficiary; otherwise the Beneficiary shall be the estate of the Participant.

The Savings Plan defined spousal consent as follows:

"Spousal Consent" means the written consent of a Participant's spouse to the Participant's designation of a specified Beneficiary. The specified Beneficiary shall not be changed unless further Spousal Consent is given. The spouse's consent shall be witnessed by a Plan representative or notary public. The consent of the spouse shall also acknowledge the effect on him or her of the Participant's election. The requirement for spousal consent may be waived by the Committee or its delegate if it believes there is no spouse, or the spouse cannot be located, or because of such other circumstances as may be established by applicable law. Spousal Consent shall be applicable only to the particular spouse who provides such consent.

A Beneficiary Designation Form for the Savings Plan has not been submitted to the court.

---

[3] The notary public signed the Beneficiary Form on January 1, 1999.

## DISCUSSION

■ Mrs. Morello argues, *inter alia*, that the Verified Complaint must be dismissed as to the Plans because these are ERISA-governed plans and her survivor benefits in such plans cannot be waived in a premarital agreement. The court agrees.

There is no dispute in the present case that the Plans are ERISA governed plans. They, therefore, are governed by 29 *U.S.C.* § 1055, which provides, in pertinent part:

(a) Required contents for applicable plans. Each pension plan to which this section applies shall provide that—

(1) in the case of a vested participant who does not die before the annuity starting date, the accrued benefit payable to such participant shall be provided in the form of a qualified joint and survivor annuity, and

(2) in the case of a vested participant who dies before the annuity starting date and who has a surviving spouse, a qualified preretirement survivor annuity shall be provided to the surviving spouse of such participant.

. . . .

(c) Plans meeting requirements of section.

(1) A plan meets the requirements of this section only if—

(A) under the plan, each participant—

(i) may elect at any time during the applicable election period to waive the qualified joint and survivor annuity form of benefit or the qualified preretirement survivor annuity form of benefit (or both), and

. . . .

(2) Each plan shall provide that an election [of a waiver] under paragraph (1)(A)(i) . . . shall not take effect unless—

(A)(i) the *spouse* of the participant consents in writing to such election, (ii) such election designates a beneficiary (or form of benefits) which may not be changed without *spousal consent* (or the consent of the *spouse* expressly permits designations by the participant without any requirement of further consent by the *spouse*), and (iii) the *spouse's* consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public.

[29 *U.S.C.* § 1055(a)(c) (emphasis added.)]

As used in ERISA, the term "spouse" refers to the legal spouse. *Croskey v. Ford Motor Company–UAW*, 2002 WL 974827 at *4, 2002 U.S. Dist. *Lexis* 8824 at 14 (2002), citing *Grabois v. Jones*, 1998 *WL* 158756 at *4, U.S. Dist. *Lexis* 4567 at 4 (S.D.N.Y. Apr. 3, 1998) (concluding, on remand, that under ERISA the term "spouse" is limited to that person to whom one is legally married,

even if two people no longer cohabitate or are intimate and are in the process of divorcing).

In *Hurwitz v. Sher*, 982 *F*.2d 778 (2d Cir.1992), *cert. denied*, 508 *U.S.* 912, 113 *S.Ct.* 2345, 124 *L.Ed.*2d 255 (1993), the Second Circuit Court of Appeals addressed the issue of a surviving spouse's waiver in a premarital agreement of survivor benefits in an ERISA-governed plan.[4]   Like Mr. Morello, the decedent-husband in *Hurwitz* was a participant in an ERISA-governed employee profit-sharing plan.  Like the Profit–Sharing Plan, the profit-sharing plan in *Hurwitz* provided that for a spouse's waiver of the plan's benefits to be effective, the spouse must execute a signed document, which acknowledged the effect of the waiver and was witnessed by a notary public or plan representative.  *Ibid.*

In *Hurwitz*, the decedent-husband had been married three times.  In 1988, he designated his son as the beneficiary of his profit-sharing plan.   His second wife executed a waiver that complied with ERISA and the plan.   In 1990, the decedent-husband married the defendant-wife.   Before the marriage, the defendant-wife signed a premarital agreement in which she gave up her rights to the decedent-husband's property upon his death.

After the decedent-husband's death, the son filed a lawsuit, seeking a declaration that he was the sole beneficiary of the profit-sharing plan's benefits.   The defendant-wife counterclaimed, seeking a declaration pursuant to ERISA that as the decedent-husband's surviving spouse she was the rightful beneficiary of the profit-sharing plan's benefits because the premarital agreement was not a valid or effective waiver of her rights as beneficiary. *Ibid.*

---

[4] Plaintiffs rely upon an unpublished opinion, *Callahan v. Hutsell, Callahan & Buchino P.S.C. Revised Profit Sharing Plan*, 1993 *WL* 533557 (6th Cir.1993).   The Court is not bound by such opinion.   *R.* 1:36–3.   Nevertheless, the court finds the facts in *Callahan* distinguishable from those in the present case.   Unlike the surviving spouse in *Callahan*, Mrs. Morello was never asked to sign a Beneficiary Designation Form and a Beneficiary Designation Form was not referred to in the Pre–Marital Agreement.

The District Court granted summary judgment to the defendant-wife, holding that a surviving spouse's premarital agreement did not constitute an effective waiver under ERISA of death benefits under an employee benefit plan. *Ibid.*

The District Court found that the premarital agreement did not designate a beneficiary and did not acknowledge the effect of the waiver by the defendant-wife as required by ERISA. *Id.* at 781.

The Court of Appeals affirmed, noting that the statutory language of ERISA, amended in 1984 by the Retirement Equity Act ("REA"), established clear criteria for a waiver of ERISA-governed retirement benefits by a surviving spouse. It held that the premarital agreement did not constitute an effective waiver under ERISA because it did not conform to the specific requirements set forth in ERISA and lacked ERISA waiver requirements. *Id.* at 782–83.

■ Compliance with ERISA's survivor annuity provisions is mandatory, not optional, and such benefits are automatically paid to the lawful surviving spouse unless specifically and effectively waived by that spouse. *Lefkowitz v. Arcadia Trading Co. Ltd. Benefit Pension Plan,* 767 *F.Supp.* 501, 509, *aff'd,* 996 *F.*2d 600 (2d Cir.1993) (holding that a participant's designation of a beneficiary who is not the participant's lawful spouse is ineffective when it is made without the lawful spouse's written permission).

The New Jersey Appellate Division followed the *Hurwitz* holding in the case of *Savage–Keough v. Keough,* 373 *N.J.Super.* 198, 861 *A.*2d 131 (App.Div.2004). *Keough* involved a divorce proceeding in which the defendant-husband sought equitable distribution of the plaintiff-wife's ERISA-governed stock option plan. The issue was whether the defendant-husband waived his right to equitable distribution of the stock option plan under the terms of a premarital agreement in which he waived his interest in certain assets of the plaintiff-wife, including the stock option plan. *Id.* at 201, 861 *A.*2d 131.

The defendant-husband did not dispute the validity of the premarital agreement, but argued that the stock option plan was subject to equitable distribution because ERISA's preemption and anti-alienation provisions precluded the plaintiff-wife from denying him an interest in the plan even if he purported to waive that right in a premarital agreement. The plaintiff-wife argued that it is only a participant's *survivor benefits* that ERISA prohibits a participant from alienating to a spouse's detriment. *Id.* at 201–02, 861 *A.*2d 131.

The Family Part judge agreed with the plaintiff-wife and held that ERISA did not preclude the defendant-husband's waiver of his rights in the plaintiff-wife's pension benefits in the premarital agreement. *Ibid.*

The Appellate Division affirmed, noting that ERISA requires that the waiver of survivor benefits by a spouse "must be in writing, signed by the participant and the participant spouse before either a notary or a plan representative, and a beneficiary designation may not be changed without the spouse's consent." *Id.* at 204, 861 *A.*2d 131 (citations omitted).

The Appellate Division also noted that the express language of the ERISA waiver provision only allows a participant to elect to waive the qualified joint and *survivor benefits* or the qualified pre-retirement *survivor annuity* form of benefit under 29 *U.S.C.* § 1055(c)(1)(A)(i). The Appellate Division concluded that this statute's application is restricted to a waiver of rights to ERISA *survivor benefits,* not a divorcing spouse's martial interest in a spouse's pension plan. *Id.* at 206, 208, 861 A.2d 131.

## *CONCLUSION*

### *The Designation Of Lisa And Jennifer On The Beneficiary Form Does Not Entitle Them To The Benefits Of The Profit–Sharing Plan*

Plaintiffs argue that Lisa and Jennifer are entitled to the benefits of the Profit–Sharing Plan because they are designated as the beneficiaries on the Beneficiary Form.

The Profit–Sharing Plan clearly provides that its benefits shall be paid to the participant's surviving *spouse* unless the participant elects another beneficiary with *spousal consent.* The Profit–Sharing Plan also clearly provides that spousal consent is the written consent of a participant's *spouse.*

In addition, ERISA clearly provides that an election of a waiver of the qualified joint and survivor annuity form of benefit or the qualified pre-retirement survivor annuity form of benefit or both under an ERISA governed plan can only take effect if the participant's *spouse* consents in writing to such election, such election designates a beneficiary which may not be changed without *spousal consent* and the *spouse's consent* acknowledges the effect of such election and is witnesses by a plan representative or a notary public. ERISA defines a "spouse" as the legal spouse and one who is legally married *Croskey,* 2002 *WL* 974827 at *4, 2002 U.S. Dist. *Lexis* at 14, citing *Gallagher v. Park West Bank & Trust Co.,* 921 *F.Supp.* 867, 876–77 (D.Mass.1996); *Davis v. College Suppliers Co.,* 813 *F.Supp.* 1234, 1237 (S.D.Miss.1993); *Kahn v. Kahn,* 801 *F.Supp.* 1237, 1241, 1243–44 (S.D.N.Y.1992), *aff'd without opinion,* 2 *F.*3d 403 (2d Cir.1993); *In Re Lefkowitz,* 767 *F.Supp.* 501, 508 n. 12 (S.D.N.Y.1991), *aff'd,* 996 *F.*2d 600 (2d Cir.1993).

In the present case, Mrs. Kroll signed the Beneficiary Form on January 4, 1999. She was not Mr. Morello's legal spouse at that time. In fact, she had been divorced from Mr. Morello since October 1990 and was remarried since December 1990. As such, Mrs. Kroll had no legal right whatsoever to sign the Beneficiary Form, no matter what Mr. Morello had allegedly told her.

Mrs. Kroll was not legally married to Mr. Morello and by signing the Beneficiary Form she misrepresented that she was his spouse. She also misrepresented that she had rights under the Profit–Sharing Plan and could consent to the designation of Lisa and Jennifer as beneficiaries. For this reason alone, the court concludes that the Beneficiary Form is invalid and the designation of Lisa and Jennifer as its beneficiaries is ineffective.

In addition, Mrs. Kroll did not sign the Beneficiary Form in the presence of a notary public, as required by it and ERISA. The notary public signed the Beneficiary Form three days *before* Mrs. Kroll signed it. Thus, the Beneficiary Form is invalid because there has been no compliance with ERISA and the instructions on the form that the spouse's signature must be notarized.

Finally, Mrs. Morello was Mr. Morello's lawful spouse. As such, she was the only person who could sign the Beneficiary Form and give spousal consent to designate Lisa and Jennifer as the beneficiaries. She did not sign the Beneficiary Form or consent to the beneficiary designation.

For all of these reasons, the court concludes that the Beneficiary Form is invalid, the designation of Lisa and Jennifer as beneficiaries of the benefits of the Profit–Sharing Plan is ineffective, Lisa and Jennifer are not entitled to the benefits of the Profit–Sharing Plan and Mrs. Morello is entitled to those benefits.

### Lisa And Jennifer Are Not Entitled To
### The Benefits Of The Savings Plan

There is no Beneficiary Designation Form for the Savings Plan. According to the provisions of the Savings Plan, if there is no beneficiary designation in effect at the participant's death, the participant's surviving spouse shall be deemed to be the beneficiary.

For these reasons, the court concludes that Mrs. Morello is the beneficiary of the Savings Plan and entitled to its benefits.

### The PreMarital Agreement Does Not Constitute
### An Effective And Valid Waiver Of Mrs.
### Morello's Rights Under ERISA

Plaintiffs also argue that Lisa and Jennifer are entitled to the benefits of the Plans because they are the sole beneficiaries under the Will and Mrs. Morello waived her rights to Mr. Morello's retirement benefits in the premarital agreement.

ERISA-governed plans are subject to ERISA's mandatory requirement that survivor benefits are automatically paid to the surviving spouse unless he or she specifically and effectively waived them. For a waiver to be valid, the surviving spouse must execute a written consent to the designation of the beneficiary, the written consent must contain both an acknowledgement of the effect of the waiver and a designation of a beneficiary and a notary public or plan representative must witness it.

The Plans are ERISA-governed plans. Mrs. Morello is seeking her survivor benefits under the Plans. It is clear from the facts in this case that the premarital agreement does not meet ERISA's mandatory requirements for a waiver of her survivor benefits under the Plans. The premarital agreement does not designate Lisa and Jennifer as the beneficiaries of the Plans, and it does not contain Mrs. Morello's written consent to the designation of Lisa and Jennifer as the beneficiaries or an acknowledgment of the effect of the waiver. It was also not witnessed by a notary public or plan representative.

For all of these reasons, the court concludes that Mrs. Morello is entitled to the benefits under the Plans because the premarital agreement is not a valid or effective waiver of her right to the benefits of the Plans in that it did not conform to ERISA's specific requirements and it lacks ERISA waiver requirements.

By reason of the foregoing, the court denies plaintiffs' application for preliminary restraints as to the Plans. The court also grants Mrs. Morello's cross-motion and dismisses the complaint with prejudice as all claims relating to the Plans.